C. Brandon Wisoff (SBN 121930)
bwisoff@fbm.com
Benjamin J. Sitter (SBN 273394)
bsitter@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Frederick B. Warder III
   (*admitted pro hac vice*)
fbwarder@pbwt.com
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2121
Facsimile: (212) 336-2222

Jeremy Feigelson
   (*to be admitted pro hac vice*)
jfeigelson@debevoise.com
Jeffrey S. Jacobson
   (*to be admitted pro hac vice*)
jsjacobson@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 521-7479

Attorneys for Defendants L'ORÉAL USA, INC. and MAYBELLINE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIAT ORSHANSKY, on behalf of herself and others similarly situated,<br><br>           Plaintiffs,<br><br>vs.<br><br>L'OREAL USA, INC., a Delaware corporation; MAYBELLINE, LLC, a New York limited liability company dba MAYBELLINE, NEW YORK,<br><br>           Defendants. | CASE NO. 3:12-CV-06342-CRB<br><br>**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6) OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)**<br><br>DATE:   April 19, 2013<br>TIME:   10:00 a.m.<br>PLACE: Courtroom 6, 17th Floor<br>JUDGE: Hon. Charles R. Breyer |

# TABLE OF CONTENTS

Page(s)

NOTICE OF MOTION AND MOTION ................................................................... 1

STATEMENT OF RELIEF SOUGHT ..................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ....................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 3

I. INTRODUCTION ......................................................................................... 3

II. STATEMENT OF FACTS ............................................................................ 4

    A. The Challenged Products .................................................................. 5

        1. Maybelline SuperStay 14HR Lipstick .................................. 5

        2. Maybelline SuperStay 10HR Stain/Gloss ............................ 6

        3. Maybelline Volum'Express The Falsies .............................. 6

        4. L'Oréal Paris Voluminous False Fiber Lashes ..................... 7

    B. Claims Regarding Photographic Advertisements of Mascara Products ............................................................................................ 7

    C. Ms. Orshansky's References to "Public Forums" ............................. 8

    D. Ms. Orshansky's Class Allegations ................................................. 8

III. ARGUMENT ................................................................................................. 8

    A. Plaintiff Lacks Standing to Assert the Alleged Claims .................... 9

    B. The Complaint Fails to State a Claim or Plead Fraud with Particularity. ..................................................................................... 11

    C. In the Alternative, Ms. Orshansky Should Provide a More Definite Statement. ........................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Arroyo v. Pfizer, Inc.*,
   No. C-12-4030-EMC, 2013 WL 415607 (N.D. Cal. Jan. 31, 2013) .................. 11

*Asis Internet Servs. v. ConsumerBargainGiveaways, LLC*,
   622 F. Supp. 2d 935 (N.D. Cal. 2009) ............................................................... 12

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................... 4, 11

*Colucci v. ZonePerfect Nutrition Co.*,
   No. 12-2907-SC, 2012 WL 6737800 (N.D. Cal. Dec. 28, 2012) ......................... 9

*Dysthe v. Basic Research LLC*,
   No. CV 09-8013 AG, 2011 WL 5868307 (C.D. Cal. June 13, 2011) .................. 9

*Facebook, Inc. v. Power Ventures, Inc.*,
   No. C 08-5780 JF (RS), 2009 WL 1299698 (N.D. Cal. May 11, 2009) ............ 12

*Granfield v. Nvidia Corp.*,
   No. C 11-5403-JW, 2012 WL 2847575 (N.D. Cal. July 11, 2012) ...................... 9

*Johns v. Bayer Corp.*,
   No. 09 CV-1935 DMS, 2010 WL 476688 (S.D. Cal. Feb. 9, 2010) ............... 4, 9

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ........................................................................ 4, 11

*Marolda v. Symantec Corp.*,
   672 F. Supp. 2d 992 (N.D. Cal. 2009) ............................................................... 11

*Mazza v. American Honda Motor Co.*,
   666 F.3d 581, 596 (9th Cir. 2012) ........................................................................ 4

*Miller v. Ghirardelli Chocolate Co.*,
   No. C 12-4936-LB, 2012 WL 6096593 (N.D. Cal. Dec. 7, 2012) ................. 4, 10

*Mlejnecky v. Olympus Imaging America Inc.*,
   No. 10-CV-2630 JAM, 2011 WL 1497096 (E.D. Cal. Apr. 19, 2011) ............. 10

# TABLE OF AUTHORITIES
### (continued)

Page(s)

*In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection
   HDTV Television Litigation*,
   758 F. Supp. 2d 1077 (S.D. Cal. 2010) .............................................................. 12

*Stephenson v. Neutrogena Corp.*,
   No. C 12-0426-PJH, 2012 U.S. Dist. LEXIS 105099
   (N.D. Cal. July 27, 2012) ................................................................................... 10

*Stevens v. JPMorgan Chase Bank, N.A.*,
   C 09–03116 SI, 2010 WL 329963 (N.D. Cal. Jan. 20, 2010) ........................... 11

*In re Tobacco II Cases*,
   46 Cal. 4th 298 (2009) ....................................................................................... 10

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ........................................................................... 12

*Williamson v. Apple, Inc.*,
   No. 5:11-cv-00377 EJD, 2012 WL 3835104 (N.D. Cal. Sept. 4, 2012) ............ 11

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ............................................................................ 3, 8

Cal. Bus. & Prof. Code § 17500 ............................................................................ 3, 8

Cal. Civ. Code § 1750 ............................................................................................ 3, 8

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ................................................ 3, 8

## TABLE OF AUTHORITIES
### (continued)

Page(s)

**RULES**

Federal Rules of Civil Procedure
    Rule 8 ........................................................................................................... 9, 11, 12
    Rule 9(b) ................................................................................................... 4, 9, 11, 12
    Rule 12(b)(1) ........................................................................................................ 1, 4
    Rule 12(b)(6) ........................................................................................... 1, 4, 11, 12
    Rule 12(e) ........................................................................................................ 1, 2, 12

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on April 19, 2013, at 10:00 a.m., or as soon thereafter as this motion may be heard in the courtroom of the Honorable Charles R. Breyer at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, Defendants L'Oréal USA, Inc. and Maybelline, LLC will move to dismiss the Complaint and, in the alternative, will move for a more definite statement of Plaintiff's claims. Defendants' motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(e) and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and supporting Declaration of Ashley E. Fisher, and all pleadings and papers on file in this matter, and upon such other matters as may be presented by the Court at the time of hearing or otherwise.

## STATEMENT OF RELIEF SOUGHT

Defendants seek an order, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), dismissing Plaintiff Liat Orshansky's Complaint for lack of standing and because it fails to state a claim upon which relief can be granted. Alternatively, Defendants seek an order, pursuant to Federal Rule of Civil Procedure 12(e), requiring Plaintiff to provide a more definite statement of her claim that demonstrates her standing and the basis of her claim for relief.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Complaint should be dismissed because Plaintiff lacks standing under California law to bring her claims, given that she has failed to allege that she purchased any particular product of Defendants or relied upon any particular advertisement by either of them.

2. Whether the Complaint should be dismissed because Plaintiff fails to plead plausible, legally cognizable claims for relief.

3. Whether the Court should order Plaintiff to provide a more definite statement of her claim pursuant to Fed. R. Civ. P. 12(e), including specific allegations about the particular products she allegedly purchased, the advertisements upon which she allegedly relied in doing so and why she believes those advertisements were false or misleading, in order that Defendants may respond to the Complaint.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

It may seem basic that the plaintiff in a false advertising case should specify in her complaint what products she bought, what advertisements she purportedly relied on, and how those advertisements supposedly were false. Plaintiff Liat Orshansky ("Plaintiff" or "Ms. Orshansky") has pleaded none of these things. Yet Ms. Orshansky contends, on behalf of a putative class of consumers, that Defendants L'Oréal USA, Inc. and Maybelline, LLC ("Defendants") violated the Unfair Competition Law ("UCL"), the Consumers Legal Remedies Act ("CLRA"), the Magnuson-Moss Warranty Act ("MMWA"), and California's false advertising law, Cal. Bus. & Prof. Code § 17500 ("FAL"), and breached an express and implied warranty, by advertising product benefits for certain products marketed under the Maybelline and L'Oréal Paris brands of cosmetics.

The Complaint challenges the advertising for four different families of cosmetic products, collectively the "Cosmetic Products," none of which Ms. Orshansky clearly states that she purchased: (1) SuperStay 14HR Lipstick by Maybelline; (2) SuperStay 10HR Stain/Gloss, another Maybelline lip product; (3) six varieties of Maybelline's "Volum'Express The Falsies" mascara – Waterproof, Washable, Flared Washable, Flared Waterproof, Black Drama Waterproof and Black Drama Washable; and (4) two L'Oréal Paris mascara products, Voluminous False Fiber Lashes, available in both washable and waterproof. Ms. Orshansky fails to plead which of these products (if any of them) she purchased herself, or which advertisements she saw and relied upon.

Because California law permits a plaintiff to sue *only* over products she purchased herself and *only* with respect to advertising on which she personally relied, the Complaint as pleaded should be dismissed. Federal courts applying California law have dismissed complaints with similar defects pursuant to both

1  Rule 12(b)(1) for failure to satisfy the California statutes' standing requirements
2  and Rule 12(b)(6) for failure to state a claim. Ms. Orshansky lacks standing and
3  cannot state a claim under the UCL, FAL or CLRA with respect to products she did
4  not purchase and advertising on which she did not rely. *See, e.g., Johns v. Bayer*
5  *Corp.*, No. 09 CV-1935 DMS, 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010)
6  (plaintiff lacked standing under the UCL and CLRA to pursue claims regarding
7  multivitamin because he "[did] not allege that he saw any advertisements for Men's
8  50+, that he read the packaging on the product, or that he even considered
9  purchasing the product"); *Miller v. Ghirardelli Chocolate Co.*, No. C 12-4936-LB,
10 2012 WL 6096593, at **4–5, 10 (N.D. Cal. Dec. 7, 2012) (dismissing for lack of
11 standing claims based on four products plaintiff did not purchase and
12 advertisements on which plaintiff did not rely). *Cf. Mazza v. American Honda*
13 *Motor Co.*, 666 F.3d 581, 596 (9th Cir. 2012) (consumer who never was exposed to
14 allegedly misleading advertisement cannot sue under California's UCL or FAL).
15 Ms. Orshansky has neither pleaded sufficient factual allegations to give Defendants
16 fair notice of the basis for her claims, as required by *Bell Atl. Corp. v. Twombly*,
17 550 U.S. 544, 545, 570 (2007), nor pleaded her claims with the requisite
18 particularity, as required by Rule 9(b). *See, e.g., Kearns v. Ford Motor Co.*,
19 567 F.3d 1120, 1125 (9th Cir. 2009) (applying Rule 9(b) to UCL and CLRA actions
20 where the allegations sound in fraud). Dismissal is therefore appropriate. In the
21 alternative, Ms. Orshansky should be compelled to make a more definite statement
22 of the products she personally purchased and the representations she herself
23 supposedly relied upon.

## II. STATEMENT OF FACTS

The sole statement in Plaintiff's complaint connecting her personal experiences with the Defendants' products is that "Plaintiff and each member of the putative class relied on Defendants' promises, guarantees and representations . . . in

purchasing the Cosmetic Products." Compl. ¶ 18. This vague statement leaves unclear whether Ms. Orshansky personally purchased even one of Defendants' products, let alone the ten cosmetic products she challenges. The remainder of Ms. Orshansky's allegations about putative class members' experiences with the products use the pronoun "their," suggesting that she is referring to others' experiences rather than her own. *Id.* Ms. Orshansky was equally vague in the demand letter she sent to Defendants, *see* Compl. ¶ 20, where she described herself as a "consumer of *certain of* [Defendants'] cosmetic products." *See* Declaration of Ashley E. Fisher, dated February 22, 2013, and Ex. 1. Further obfuscating the facts, she states that she "had previously bought other and different cosmetics products also from Defendants based on similar promises, guarantees or representations," and that those other Maybelline and L'Oréal products "conform[ed]" to her expectations. Compl. ¶ 17. Thus, the only fact that Ms. Orshansky has pleaded clearly is that she purchased some of Defendants' products prior to this litigation and was a satisfied customer.

### A. The Challenged Products

#### 1. Maybelline SuperStay 14HR Lipstick

Ms. Orshansky cites unspecified "advertisements and promotional materials" stating that "SuperStay 14HR Lipstick has 'super rich color with super staying power' and delivers 'super rich color that lasts 14 hours' 'in one super step.'" Compl. ¶ 12. She cites other unspecified materials stating that "there's no dragging, no drying, no let downs at all," and unspecified "[p]romotional videos show[ing] women who have applied the product eating food, kissing men, and directing the airstream from a hair dryer onto their face and lips without diminution in the vibrancy of the color of the lipstick." *Id.*

Ms. Orshansky does not allege that she purchased SuperStay 14HR Lipstick or that, if she did, she saw and relied upon any of the cited advertisements.

### 2. Maybelline SuperStay 10HR Stain/Gloss

Ms. Orshansky cites unspecified "advertisements stat[ing] that SuperStay 10HR Stain/Gloss is the 'first ever 10HR stain gloss,'" and "promis[ing] 'no smearing, no drying, and no rubbing off.'" Compl. ¶ 13. She cites unspecified "'promotional videos show[ing] a model pouting with lustrous lips and the words '10 hours' written on her shoulder apparently with the same product that she has applied to her lips,'" unspecified "video footage show[ing] women who have applied the product eating food, kissing men and placing their faces in the airstream of [a] hand-dryer of the sort typically found in public restrooms," and another unspecified video in which "Defendants' 'makeup artist' states that 'you can even kiss someone and it looks still perfect [*sic*].'" *Id*.

Ms. Orshansky does not allege that she purchased SuperStay 10HR Stain/Gloss or that, if she did, she saw and relied upon any of the cited advertisements.

### 3. Maybelline Volum'Express The Falsies

Ms. Orshansky's Complaint alleges that "Volum'Express The Falsies is . . . a mascara that Defendants guarantee on their product packaging and in advertisements shall 'provide the look of more lashes' and 'instantly build volume for [a] dramatic false lash look' and 'dramatic false lash effect.'" Compl. ¶ 15. The Complaint speaks of Volum'Express The Falsies as a single product, and suggests that she expected it to be "easily remove[d]" with "water and soap." *Id.* ¶ 18. The Court may take notice that Maybelline has sold at least six different mascara products in The Falsies line – Original, Flared and Black Drama, each in a

waterproof and washable form. *See* http://www.maybelline.com/Search.aspx?q= the falsies, accessed on February 19, 2013.

Ms. Orshansky does not claim that she purchased any of the six The Falsies mascaras or that she saw and relied upon any of the advertising statements identified in the Complaint.

### 4.     L'Oréal Paris Voluminous False Fiber Lashes

Ms. Orshansky alleges that the product packaging of Voluminous False Fiber Lashes describes the mascara as "a 'lash sculpting formula' that 'adheres to lashes for a volumized, sculpted lash effect,'" "shows a series of three images that depict what Defendants call the 'false lashes effect'," and "describe[s] the product as being '[c]lump-free, [f]lake-free, [and s]mudge free' and that the product 'removes easily with soap and water.'"  Compl. ¶ 14.  She also cites unspecified "guarantee[s] that '[l]ashes appear fuller, longer, sculpted and curled at every angle.'" *Id.*

The Court may take notice that the L'Oréal Paris brand offers two distinct products in the Voluminous False Fiber Lashes line – a washable mascara and a waterproof mascara. *See* http://www.lorealparisusa.com/en/Products/Makeup/Eyes.aspx, accessed February 17, 2013.  Ms. Orshansky does not claim that she purchased either the washable or waterproof Voluminous False Fiber Lashes mascaras or that she did so in reliance on any of the challenged statements.

### B.     Claims Regarding Photographic Advertisements of Mascara Products

Ms. Orshansky contends that Maybelline advertised The Falsies and L'Oréal USA advertised Voluminous False Fiber lashes "by showing models with long, sculpted, sensual eyelashes, which upon [her] information and belief are actually false eyelashes."  Compl. ¶ 16.  Ms. Orshansky does not cite any particular

advertisements, nor does she say that she saw any such advertisements before purchasing one of Defendants' mascara products (if she purchased them) or "believed," as she claims the advertisements "le[d] the audience to believe[,] that the length and volume of the [model's] eyelashes [were] attributable to the use of Defendants' products." *Id.*

### C. Ms. Orshansky's References to "Public Forums"

Ms. Orshansky alleges that "[u]pon information and belief, numerous putative class members have complained in public forums, including Defendants' websites, that the [ten] Cosmetic Products do not live up to expectations." Compl. ¶ 19. Ms. Orshansky does not say when (before or after her purchase, or never) she visited Defendants' websites or any other forum or what information she viewed there.

### D. Ms. Orshansky's Class Allegations

Ms. Orshansky's Complaint pleads claims on behalf of a putative class comprising "all persons who purchased any of [these ten] Cosmetic Products in the United States within the longest time period permissible pursuant to any and all statutes of limitation." *Id.* ¶ 21. She asserts claims under the CLRA (*see id.* ¶¶ 29–35), the UCL (*see id.* ¶¶ 47–54), the FAL (*see id.* ¶¶ 55–59), and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 (*see id.* ¶¶ 60–64); and for breach of express warranty (*see id.* ¶¶ 36–40) and the implied warranty of merchantability (*see id.* ¶¶ 41–46).

### III. ARGUMENT

Ms. Orshansky's failure to allege what products she herself purchased, what advertisements she purportedly relied on, and how those advertisements supposedly are false leaves Defendants in the dark as to the basis of their alleged liability.

Her Complaint should be dismissed for two reasons. First, she fails to meet her burden of establishing that she has standing to bring her claims. Second, the Complaint neither states sufficient facts for a plausible claim under Rule 8, nor does it meet the particularity requirements of Rule 9(b).

### A. Plaintiff Lacks Standing to Assert the Alleged Claims.

Under California law, Ms. Orshansky cannot represent a putative class of cosmetic purchasers given her failure to plead facts sufficient to establish that she has standing to bring claims on her own behalf. *See, e.g.*, *Dysthe v. Basic Research LLC,* No. CV 09-8013 AG, 2011 WL 5868307, at *4 (C.D. Cal. June 13, 2011) ("Plaintiff does not have standing to bring her CLRA, UCL, or warranty claim based on a product that she never purchased"); *Granfield v. Nvidia Corp.*, No. C 11-5403-JW, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) (plaintiff lacked standing to bring claims relating to 11 models of a product that she did not purchase; plaintiff "has standing to assert injury based on . . . false advertising only if the plaintiff experienced injury stemming from the purchase of that product."). Nowhere in the Complaint does Ms. Orshansky state which of the challenged cosmetic products, if any, she purchased. *See Colucci v. ZonePerfect Nutrition Co.*, No. 12-2907-SC, 2012 WL 6737800, at *5 (N.D. Cal. Dec. 28, 2012) (dismissing with prejudice plaintiff Colucci's claims because he did not purchase any of the products).

Even assuming Ms. Orshansky purchased one or more of the ten cosmetics she challenges, any allegations relating to other products in her Complaint that she did not purchase should be dismissed because she "cannot expand the scope of his claims to include a product [s]he did not purchase or advertisements relating to a product that [s]he did not rely upon." *Johns*, 2010 WL 476688, at *5 (dismissing claims directed to men's vitamins that the plaintiff did not purchase). It will not avail Ms. Orshansky to argue that she may sue over all the Cosmetic Products, even

if she did not purchase some of them, on the basis that "the products and alleged misrepresentations are substantially similar." *Miller*, 2012 WL 6096593, at *6. Ms. Orshansky's alleged claims improperly commingle cosmetic products for the lips *and* products for the eyelashes. Even within each kind of cosmetic, the allegedly false representations made about the products differ considerably. *See, e.g., Stephenson v. Neutrogena Corp.*, No. C 12-0426-PJH, 2012 U.S. Dist. LEXIS 105099, at **2–3 (N.D. Cal. July 27, 2012) (dismissing claims based on products not purchased where plaintiff brought suit over six Neutrogena Naturals products but had only purchased the purifying facial cleanser). Even were these dissimilarities not fatal in themselves to her apparent attempt to sue over products she did not purchase, Ms. Orshansky cannot even raise this argument without first specifying which (if any) products she purchased herself, so that the purported "similarity" between products she did and did not purchase can be assessed.

Not only does she fail to allege the specific products, if any, that she purchased, but Ms. Orshansky also fails to allege that she saw any advertisements for the Cosmetic Products, that she read the packaging on these products, or that she even considered purchasing any of the Cosmetic Products. She therefore cannot have standing under the UCL, or serve as a class representative, in light of the requirements that she plead and prove that she actually relied on the Defendants' advertising or product packaging and that she suffered a loss of money or property as a result of that reliance. *See In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009) (the UCL "imposes an actual reliance requirement" under which a plaintiff seeking to represent a class of consumers must "plead and prove actual reliance" on the challenged conduct); *Mlejnecky v. Olympus Imaging Am. Inc.*, No. 10-CV-2630 JAM, 2011 WL 1497096, at *4 (E.D. Cal. Apr. 19, 2011) (denying UCL standing because "[p]laintiff [did] not claim that she suffered any economic injury from any alleged misrepresentations"). Ms. Orshansky has not met her

burden of establishing standing for any of her claims and thus the Complaint should be dismissed in its entirety.

### B. The Complaint Fails to State a Claim or Plead Fraud with Particularity.

Ms. Orshansky's Complaint also fails to plead sufficient factual allegations to "give the [Defendants] fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555 (citation omitted). Dismissal under Rule 12(b)(6) is merited where a complaint fails to satisfy the notice pleading standard set forth in Rule 8(a). *See Williamson v. Apple, Inc.*, No. 5:11-cv-00377 EJD, 2012 WL 3835104, at *2 (N.D. Cal. Sept. 4, 2012). Defendants cannot know on the basis of this pleading what specific Cosmetic Products Ms. Orshansky did or did not purchase, what advertisements she allegedly relied on when purchasing those products, or how the advertisements allegedly were false or misleading. *See Stevens v. JPMorgan Chase Bank, N.A.*, C 09–03116 SI, 2010 WL 329963, at *5 (N.D. Cal. Jan. 20, 2010) (dismissing false advertising claim for lack of specific allegations regarding the allegedly misleading advertisements).

Compounding the problems with the ambiguities in Ms. Orshansky's pleadings is that her allegations against Defendants' supposedly deceptive advertising and product packaging sound in fraud. *See, e.g.*, Compl. ¶ 49 ("Plaintiff and each member of the putative class were fraudulently induced to buy the Cosmetic Products based on Defendants' representations"). For that reason, her claims under the UCL, CLRA, and FAL must be pleaded with specificity under Rule 9(b). *See Kearns*, 567 F.3d at 1125; *Arroyo v. Pfizer, Inc.*, No. C-12-4030-EMC, 2013 WL 415607, at *8 (N.D. Cal. Jan. 31, 2013) (finding that plaintiff's UCL, CLRA, and FAL claims sound in fraud because they are all based on the allegations that defendant made false and misleading statements in its advertising and packaging of consumer goods); *Marolda v. Symantec Corp.*, 672 F. Supp. 2d

DEFENDANTS' MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT - 11 - Case No. 3:12-CV-06342-CRB

992, 1005 (N.D. Cal. 2009) (requiring UCL false advertising claim to be pleaded with specificity). At the very least, Rule 9(b) requires Ms. Orshansky to state which of the Cosmetic Products she purchased, and pursuant to which allegedly false representations. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) (allegations of fraud "must be accompanied by the who, what, when, where or how of the misconduct charged") (citation and internal quotation marks omitted); *In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1093, 1097 (S.D. Cal. 2010) (requiring plaintiffs to state which products they purchased and pursuant to what allegedly misleading advertisements). As Ms. Orshansky's Complaint fails to meet the required standards for pleadings under both Rule 8 and Rule 9(b), her Complaint should be dismissed.

### C. In the Alternative, Ms. Orshansky Should Provide a More Definite Statement.

If the Court determines that any of Ms. Orshansky's allegations are sufficient to state a claim under Rules 8, 9(b), and 12(b)(6), the Court should, in the alternative, order Ms. Orshansky to file a more definite statement of her claims. An order to provide a more definite statement is used when the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Nowhere in Ms. Orshansky's complaint does she allege what, if any, Maybelline or L'Oréal Paris products she purchased, and yet the Complaint puts ten cosmetic products at issue, and without a more definite statement of which products she purchased and what advertisements she relied on, her allegations are too vague and ambiguous to permit Defendants to respond. *See, e.g., Asis Internet Servs. v. ConsumerBargainGiveaways, LLC*, 622 F. Supp. 2d 935, 945 (N.D. Cal. 2009) (granting motion for a more definite statement of false advertising allegations; requiring plaintiff to identify allegedly false advertisements at issue).

DEFENDANTS' MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT - 12 - Case No. 3:12-CV-06342-CRB

1  *Cf. Facebook, Inc. v. Power Ventures, Inc.*, No. C 08-5780 JF (RS), 2009 WL
2  1299698, at *6 (N.D. Cal. May 11, 2009) (granting motion for more definite
3  statement in UCL case; "Experience teaches that, unless cases are pled clearly and
4  precisely, issues are not joined, discovery is not controlled [and] the trial court's
5  docket becomes unmanageable") (citations omitted). It would be no answer that
6  Defendants should have to await discovery. The gaps in Ms. Orshansky's
7  Complaint go to the foundation of any false advertising case, and Defendants
8  should not be required to provide discovery respecting products Ms. Orshansky
9  never purchased.

Dated: February 22, 2013   Respectfully submitted,

/s/
C. Brandon Wisoff

C. Brandon Wisoff (SBN 121930)
bwisoff@fbm.com
Benjamin J. Sitter (SBN 273394)
bsitter@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Frederick B. Warder III (*admitted pro hac vice*)
fbwarder@pbwt.com
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2121
Facsimile: (212) 336-2222

| | |
|---|---|
| 1 | |
| 2 | Jeremy Feigelson (*to be admitted pro hac vice*) |
| | jfeigelson@debevoise.com |
| 3 | Jeffrey S. Jacobson (*to be admitted pro hac vice*) |
| | jsjacobson@debevoise.com |
| 4 | DEBEVOISE & PLIMPTON LLP |
| | 919 Third Avenue |
| 5 | New York, NY 10022 |
| | Telephone: (212) 909-6000 |
| 6 | Facsimile: (212) 521-7479 |

Attorneys for Defendants L'Oréal USA, Inc. & Maybelline, LLC

DEFENDANTS' MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT — - 14 - — Case No. 3:12-CV-06342-CRB