Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
ONE LLP
4000 MacArthur Blvd
West Tower, Suite 1100
Newport Beach, CA 92660
T: 949-502-2870
F: 949-258-5081

Attorneys for Plaintiff,
LIAT ORSHANSKY, on behalf of herself and others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIAT ORSHANSKY, on behalf of herself and others similarly situated,<br><br>　　　　　　Plaintiffs,<br>　v.<br>L'OREAL USA, INC., a Delaware corporation; MAYBELLINE, LLC, a New York limited liability company dba MAYBELLINE, NEW YORK,<br><br>　　　　　　Defendants. | Case No. 3:12-CV-066342-CRB<br>Hon. Charles R. Breyer<br><br>**PLAINTIFF LIAT ORSHANSKY'S OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR SHORT INTERIM STAY OF DEADLINES AND PROCEEDINGS PENDING NOTICED HEARING**<br><br>Date:　April 19, 2013<br>Time:　10:00 a.m. |

## I. INTRODUCTION

After waiting three months since the filing of this suit and right on the eve of the 26(f) report obligations—and concomitant obligation to start answering discovery—Defendants suddenly tell this Court of alleged "related" actions in other districts and an alleged need to have the case sent to an MDL panel, all of which apparently requires a stay here. This is wrong for multiple reasons.

## II. THERE SHOULD BE NO STAY

Defendants' stay request is meritless. This case involves products and claims that differ to the "related" cases, and also involves a defendant not even present in the other cases, namely, L'Oreal USA, Inc. This case has already been pending for three months, since December 14, 2012, and Plaintiff is entitled to begin discovery under the Rules of this Court. If the presence of these other allegedly related cases required a stay here, then Defendants could and should have raised this months ago—and indeed were required to do so under the Local Rules. *See* L.R. 3-13(a)("Whenever a party knows or learns that an action filed or removed to this district involves all or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court, the party *must* promptly file with the Court in the action pending before this Court and serve all opposing parties in the action pending before this Court with a Notice of Pendency of Other Action or Proceeding.")(emphasis added).

The timing of the request now is simply a delay tactic to deny Plaintiff access to discovery materials and engage in forum-shopping. *See Lane v. Facebook, Inc.*, 2009 WL 3458198, *3 (N.D. Cal., Oct. 23, 2009) (Seeborg, J.)(concluding that intervenors should have filed notice of pendency of other actions and sought transfer when case was filed); *Abrahams v. Hard Drive Productions, Inc.*, 2012 WL 1945493, *7 (N.D. Cal. May 30, 2012)(declining to transfer for equitable reasons, which include bad faith, anticipatory suit, and forum shopping).

As to the merits of the transfer request, there is not even a *prima facie* showing that transfer/MDL is appropriate.

First, Plaintiff's choice of forum must be given weight when deciding whether to grant a motion to change venue. *See*, *e.g.*, *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). Here, Plaintiff originally filed her action in the Northern District of California. Consequently, the Northern District is Plaintiff's choice of venue, and that choice should be accorded due weight.

Moreover, that one of the Defendants in the instant action is located in New York does not begin and end the inquiry regarding transfer, as Defendants imply. *Abrahams*, *supra*, at * 7 ("Defendant has cited to no case, and the Court is aware of none, supporting the proposition that Defendant's presence in both actions alone satisfies the requirement that the parties be substantially similar.").

Here, three of the four class actions were brought in California, so it stands to reason that the burden on them is far greater than it is on billion-dollar companies from defending in a forum (i.e., California) where they sell product and generate revenue. Related, the three pending actions in California all raise California-based claims, so if any consolidation is to occur it will logically make sense for it to be out here.

Moreover, L'Oreal USA, Inc. is not a defendant in the other cases. *See Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982) ("The considerations of sound judicial administration are obviously different when the issues are identical but the parties are different and the parties to the second action are the major contestants."); *Polychrome Corp. v. Minnesota Mining & Mfg. Co.*, 259 F.Supp. 330, 333 (S.D.N.Y. 1966) (holding that the pendency of another action involving same subject matter is immaterial where parties are not the same).

In addition, the other cases do not, as this suit does, involve mascara product claims, so it makes no sense to contend that this case should be MDL'd with the other cases just because they all also involve lipstick-based claims. To be sure, the motion does not even contend that L'Oreal USA, Inc. is seeking MDL relief. Thus, even if Maybelline is given

a stay there is no reason to stay L'Oreal USA, Inc.'s meet and confer obligations and discovery obligations.

Next, just because a case *may* be coordinated with others does not justify stalling on discovery. The discovery all has to be done irrespective of the forum, so there is no burden on Defendants to do that which they must do anyway. And if there was some unique burden stemming from the different cases in different jurisdictions, then that would strongly suggest that Defendants should have tee'd this request up three months ago, when they knew all they know now. Their delay is their own issue, and it should not be the springboard from which this case is now stalled further.

Indeed, the fact that for three months Defendants have known of this very issue and the fact that they chose not to file a noticed motion—when they certainly knew how to file a Rule 12 motion as they did before this Court—palpably demonstrates that the present ex parte motion is infirm. *See* L.R. 7-2(a)(setting forth timing requirements for a noticed motion). Defendants had ample time to seek a stay and get their alleged MDL motion on file, and they chose not to do so. It is inappropriate now to jump the motion line of other pending cases and claim that this request is such an emergency that it has to be adjudicated on an abbreviated schedule. *See, e.g.*, *In re Intermagentics*, 101 B.R. 191, 193-94 (C.D. Cal. 1989) (skipping the motion line with emergency motions should be the exception, not the norm). Had they proceeded diligently, the entirety of their requests would by now have been adjudicated one way or the other. Their delay should not saddle Plaintiff herein.

Finally, Defendants' assertion that this stay request is designed to avoid burden on this Court is just not accurate. If this Court's time was the issue, Defendants could have their 26(f) meeting and allow discovery to begin and they could have asked for a Rule 16 scheduling conference on the day of their expected noticed motion. This path would not involve any court resources. And, indeed, the court resources being expended in this stay request are probably as great as in setting case management dates anyway. The point is that the real reason for the stay request being filed now is to generate another 3-6 months of

4

Case No. C-12-066342-CRB -CRB
**OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR SHORT INTERIM STAY OF DEADLINES AND PROCEEDINGS**

delay in these suits and avoid discovery, and it has nothing to do with concern for the Court's docket.

### III. CONCLUSION

Accordingly, Plaintiff respectfully requests that the administrative stay motion be denied and Defendants be ordered to comply with their extant Rule 26 obligations.

Dated: March 22, 2013                                      **ONE LLP**

                                                           By:   /s/ Peter Afrasiabi
                                                                 Peter R. Afrasiabi
                                                                 Attorney for Plaintiff, Liat Orshansky