1    C. Brandon Wisoff (State Bar No. 121930)
     bwisoff@fbm.com
2    FARELLA BRAUN + MARTEL LLP
     235 Montgomery Street, 17th Floor
3    San Francisco, CA 94104
     Telephone: (415) 954-4400
4    Facsimile: (415) 954-4480

5    Frederick B. Warder III
      (admitted *pro hac vice*)
6    fbwarder@pbwt.com
     PATTERSON BELKNAP WEBB & TYLER LLP
7    1133 Avenue of the Americas
     New York, New York 10036
8    Telephone: (212) 336-2121
     Facsimile: (212) 336-2222
9

10   Jeremy Feigelson
      (admitted *pro hac vice*)
     jfeigelson@debevoise.com
11   Jeffrey S. Jacobson
      (admitted *pro hac vice*)
12   jsjacobson@debevoise.com
     DEBEVOISE & PLIMPTON LLP
13   919 Third Avenue
     New York, NY 10022
14   Telephone: (212) 909-6000
     Facsimile: (212) 521-7479
15

16   Attorneys for Defendants L'ORÉAL USA, INC.
     and MAYBELLINE LLC

17                 UNITED STATES DISTRICT COURT

18              NORTHERN DISTRICT OF CALIFORNIA

19

20   LIAT ORSHANSKY, on behalf of herself     Case No. 3:12-cv-06342-CRB
     and others similarly situated,
21                           **DEFENDANTS L'ORÉAL USA, INC. AND**
                              **MAYBELLINE LLC'S ANSWER TO**
22             Plaintiffs,          **PLAINTIFF'S FIRST AMENDED**
                              **COMPLAINT**
23          vs.
                              **DEMAND FOR JURY TRIAL**
24   L'OREAL USA, INC. , a Delaware
     corporation; MAYBELLINE, LLC, a New
25   York limited liability company dba
     MAYBELLINE, NEW YORK,
26            Defendants.
27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:12-cv-06342-CRB

28569\3598408.1

1    Defendants L'Oreal USA, Inc. and Maybelline LLC (together "Defendants"), by and

2    through their undersigned attorneys, respond to the March 8, 2013 First Amended Complaint of

3    Plaintiff Liat Orshansky ("Orshansky"), on behalf of herself and all others similarly situated, as

4    follows:

5        1.    Defendants neither admit nor deny the allegations of paragraph 1, as they

6    state a legal conclusion to which no response is necessary.

7        2.    Defendants neither admit nor deny the allegations of paragraph 2, as they

8    state a legal conclusion to which no response is necessary.

9        3.    Defendants admit that they and/or their affiliates sell certain cosmetic

10   products directly to distributors and/or retailers in California, and that they market and promote

11   certain cosmetic products in California, and deny the remaining factual allegations of paragraph

12   3. Defendants neither admit nor deny the remaining allegations of paragraph 3, as they state a

13   legal conclusion to which no response is necessary.

14       4.    Defendants neither admit nor deny the allegations of paragraph 4, as they

15   state a legal conclusion to which no response is necessary.

16       5.    Defendants neither admit nor deny the allegations of paragraph 5, as they

17   state a legal conclusion to which no response is necessary.

18       6.    Defendants deny knowledge or information sufficient to admit or deny the

19   allegations of paragraph 6.

20       7.    Defendants admit that L'Oreal USA, Inc. is a Delaware corporation that

21   does business in California, and deny the remaining factual allegations of paragraph 7.

22       8.    Defendants admit that Maybelline LLC is a New York limited liability

23   company that does business in California, and deny the remaining factual allegations of paragraph

24   8.

25       9.    Defendants admit that they and/or their affiliates manufacture cosmetic

26   products including Super Stay 14 HR Lipstick, Super Stay 10 Stain Gloss, Voluminous False

27   Fiber Lashes, and Volum'Express The Falsies (collectively, the "Cosmetic Products"), and deny

28   the remaining factual allegations of paragraph 9.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:12-cv-06342 CRB                    - 1 -                         28569\3598408.1

10.     Defendants admit that they and/or their affiliates sell the Cosmetic Products directly to distributors and/or retailers in the United States, and that consumers can purchase the Cosmetic Products via some online retail sites.  Defendants deny the remaining factual allegations of paragraph 10.

11.     Defendants admit the allegations of paragraph 11.

12.     Defendants admit that Maybelline LLC's online advertisements for Super Stay 14 HR Lipstick state that it has "[s]uper rich color with super staying power" and "[s]uper rich color that lasts for 14 hours," that it involves "[n]o dragging," "[n]o drying," and "[n]o letdowns at all," and states that "pigments are enveloped in a longwearing system."  Defendants deny the remaining factual allegations of paragraph 12.

13.     Defendants admit that Maybelline LLC's online advertisements for Super Stay 10 Stain Gloss state that it is the "first-ever 10HR stain gloss," that its "[s]hine enhancing formula glides on lightweight color that won't dry out," and that it "[f]eels fresh all day, never dry."  Defendants deny the remaining factual allegations of paragraph 13.

14.     Defendants admit that the packaging for Voluminous False Fiber Lashes states that it has a "lash sculpting fiber formula" that "adheres to lashes for a volumized, sculpted lash effect," and that "[l]ashes appear fuller, longer, sculpted and curled from every angle," and that it is "[c]lump-free, [f]lake-free, [s]mudge-free."  Defendants admit that the packaging shows three images of "volumizing fibers" and states that "[v]isuals are dramatized."  Defendants admit that L'Oreal USA, Inc.'s online advertisements for Voluminous False Fiber Lashes state that it is "[c]lump-free," "[f]lake-free," and "[s]mudge-free," and that it "will easily remove with soap and water."  Defendants deny the remaining factual allegations of paragraph 14.

15.     Defendants admit that the packaging for Volum'Express The Falsies states that it "provide[s] the look of more lashes," "instantly build[s] volume," and has a "false lash effect."  Defendants deny the remaining factual allegations of paragraph 15.

16.     Defendants deny the allegations of paragraph 16.

17.     Defendants deny knowledge or information sufficient to admit or deny the allegations of paragraph 17 regarding Orshansky's experience with and purchase of the Cosmetic

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:12-cv-06342 CRB                              - 2 -                              28569\3598408.1

1    Products or other cosmetic products, and deny the remaining factual allegations of paragraph 17.

2            18.     Defendants deny knowledge or information sufficient to admit or deny the

3    allegations of paragraph 18 regarding Orshansky's experience with and purchase of the Cosmetic

4    Products, and deny the remaining factual allegations of paragraph 18.

5            19.     Defendants deny knowledge or information sufficient to admit or deny the

6    allegations of paragraph 19 regarding complaints, and deny the remaining factual allegations of

7    paragraph 19.

8            20.     Defendants deny knowledge or information sufficient to admit or deny the

9    allegations of paragraph 20 regarding Orshansky's experience with advertisements for the

10   Cosmetic Products, repeat and re-allege their responses to paragraphs 12 through 15 as if fully set

11   forth herein, and deny the remaining factual allegations of paragraph 20.

12           21.     Defendants deny knowledge or information sufficient to admit or deny the

13   allegations of paragraph 21 regarding Orshansky's experience with advertisements for the

14   Cosmetic Products, repeat and re-allege their responses to paragraph 16 as if fully set forth herein,

15   and deny the remaining factual allegations of paragraph 21.

16           22.     Defendants deny knowledge or information sufficient to admit or deny the

17   allegations of paragraph 22.

18           23.     Defendants deny knowledge or information sufficient to admit or deny the

19   allegations of paragraph 23 regarding Orshansky's experience with and purchase of the Cosmetic

20   Products, repeat and re-allege their responses to paragraphs 12 through 15 as if fully set forth

21   herein and deny the remaining factual allegations of paragraph 23.

22           24.     Defendants deny knowledge or information sufficient to admit or deny the

23   allegations of paragraph 24 regarding Orshansky's experience with and purchase of the Cosmetic

24   Products and Orshansky's experience with other "Defendants' products," and repeat and re-allege

25   their responses to paragraphs 12 through 16 as if fully set forth herein.

26           25.     Defendants deny knowledge or information sufficient to admit or deny the

27   allegations of paragraph 25 regarding Orshansky's experience with and purchase of the Cosmetic

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ANSWER TO FIRST AMENDED COMPLAINT          - 3 -                        28569\3598408.1
Case No. 3:12-cv-06342 CRB

Products, repeat and re-allege their responses to paragraphs 12 through 16 as if fully set forth herein, and deny the remaining factual allegations of paragraph 25.

26.     Defendants admit that Orshansky sent a letter to L'Oreal USA, Inc. and Maybelline LLC dated December 13, 2012, and refer the Court to that letter for its contents. Defendants deny the remaining factual allegations of paragraph 26.

27.     Defendants neither admit nor deny the allegations of paragraph 27, as they state a legal conclusion to which no response is necessary.

28.     Defendants neither admit nor deny the allegations of paragraph 28, as they state a legal conclusion to which no response is necessary.

29.     Defendants neither admit nor deny the allegations of paragraph 29, as they state a legal conclusion to which no response is necessary.

30.     Defendants neither admit nor deny the allegations of paragraph 30, as they state a legal conclusion to which no response is necessary.

31.     Defendants neither admit nor deny the allegations of paragraph 31, as they state a legal conclusion to which no response is necessary.

32.     Defendants neither admit nor deny the allegations of paragraph 32, as they state a legal conclusion to which no response is necessary.

33.     Defendants neither admit nor deny the allegations of paragraph 33, as they state a legal conclusion to which no response is necessary.

34.     Defendants neither admit nor deny the allegations of paragraph 34, as they state a legal conclusion to which no response is necessary.

35.     Defendants repeat and re-allege their responses to paragraphs 1 through 34 as if fully set forth herein.

36.     Defendants neither admit nor deny the allegations of paragraph 36, as they state a legal conclusion to which no response is necessary.

37.     Defendants deny the allegations of paragraph 37.

38.     Defendants deny the allegations of paragraph 38.

39.     Defendants deny the allegations of paragraph 39.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:12-cv-06342 CRB                    - 4 -                    28569\3598408.1

40.     Defendants neither admit nor deny the allegations of paragraph 40, as they state a legal conclusion to which no response is necessary, and object to the relief requested and deny that Orshansky is entitled to any relief whatsoever.

41.     Defendants admit that Orshansky sent a letter to L'Oreal USA, Inc. and Maybelline LLC dated December 13, 2012, and refer the Court to that letter for its contents. Defendants deny the remaining factual allegations of paragraph 41.

42.     Defendants repeat and re-allege their responses to paragraphs 1 through 41 as if fully set forth herein.

43.     Defendants deny the allegations of paragraph 43.

44.     Defendants deny the allegations of paragraph 44.

45.     Defendants deny the allegations of paragraph 45.

46.     Defendants neither admit nor deny the allegations of paragraph 46, as no facts are alleged therein, and object to the relief requested and deny that Orshansky is entitled to any relief whatsoever.

47.     Defendants repeat and re-allege their responses to paragraphs 1 through 46 as if fully set forth herein.

48.     Defendants deny knowledge or information sufficient to admit or deny the allegations of paragraph 48.

49.     Defendants deny knowledge or information sufficient to admit or deny the allegations of paragraph 49.

50.     Defendants deny the allegations of paragraph 50.

51.     Defendants deny the allegations of paragraph 51.

52.     Defendants neither admit nor deny the allegations of paragraph 52, as no facts are alleged therein, and object to the relief requested and deny that Orshansky is entitled to any relief whatsoever.

53.     Defendants repeat and re-allege their responses to paragraphs 1 through 52 as if fully set forth herein.

54.     Defendants deny the allegations of paragraph 54.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:12-cv-06342 CRB                - 5 -                                        28569\3598408.1

55.     Defendants deny the allegations of paragraph 55.

56.     Defendants neither admit nor deny the allegations of paragraph 56, as they state a legal conclusion to which no response is necessary, and deny the remaining factual allegations of paragraph 56.

57.     Defendants neither admit nor deny the allegations of paragraph 57, as they state a legal conclusion to which no response is necessary, and deny the remaining factual allegations of paragraph 57.

58.     Defendants deny the allegations of paragraph 58.

59.     Defendants neither admit nor deny the allegations of paragraph 59, as they state a legal conclusion to which no response is necessary, and object to the relief requested and deny that Orshansky is entitled to any relief whatsoever.

60.     Defendants neither admit nor deny the allegations of paragraph 60, as they state a legal conclusion to which no response is necessary, and object to the relief requested and deny that Orshansky is entitled to any relief whatsoever.

61.     Defendants repeat and re-allege their responses to paragraphs 1 through 60 as if fully set forth herein.

62.     Defendants deny the allegations of paragraph 62.

63.     Defendants deny the allegations of paragraph 63.

64.     Defendants deny the allegations of paragraph 64.

65.     Defendants deny the factual allegations of paragraph 65, neither admit nor deny the remaining allegations of paragraph 65, as they state a legal conclusion to which no response is necessary, and object to the relief requested and deny that Orshansky is entitled to any relief whatsoever.

66.     Defendants repeat and re-allege their responses to paragraphs 1 through 65 as if fully set forth herein.

67.     Defendants deny the allegations of paragraph 67.

68.     Defendants deny the allegations of paragraph 68.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:12-cv-06342 CRB                    - 6 -                              28569\3598408.1

69.     Defendants deny the factual allegations of paragraph 69, and neither admit nor deny the remaining allegations of paragraph 69, as they state a legal conclusion to which no response is necessary.

70.     Defendants neither admit nor deny the remaining allegations of paragraph 70, as they state a legal conclusion to which no response is necessary, and object to the relief requested and deny that Orshansky is entitled to any relief whatsoever.

71.     Defendants neither admit nor deny the allegations of the Prayer for Relief as there are no facts alleged therein.  Defendants object to the relief requested and deny that Plaintiffs are entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert her claims.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the Constitution of the United States and/or by the free speech provisions of the New York and California state constitutions.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or repose.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or any member of the purported class failed to exercise reasonable care and diligence to mitigate her alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, laches, acquiescence and/or estoppel.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:12-cv-06342 CRB                    - 7 -                              28569\3598408.1

1

**SEVENTH AFFIRMATIVE DEFENSE**

2      Plaintiff's action is not proper for certification as a class action under Rule 23 of the

3 Federal Rules of Civil Procedure.

4

**EIGHTH AFFIRMATIVE DEFENSE**

5      Plaintiff's claims for damages, including but not limited to punitive damages, are

6 unconstitutional both facially and as applied to Defendants pursuant to the First, Fifth, Sixth,

7 Eighth, and Fourteenth Amendments to the Constitution of the United States, and applicable

8 analogous provisions of the New York and California state constitutions.

9

**NINTH AFFIRMATIVE DEFENSE**

10      Plaintiff's claims are barred, in whole or in part, because any representation or statement

11 alleged to have been made by Defendants was made in good faith and with a reasonable belief as

12 to its validity and accuracy and with reasonable belief that all of Defendants' conduct was lawful.

13

**RESERVATION OF RIGHTS**

14      Defendants reserve the right to assert additional legal defenses as they become known.

15 Defendants further specifically reserve all legal defenses that they may have against the purported

16 class and against each member of the purported class.

17

**PRAYER FOR RELIEF**

18      WHEREFORE, L'Oreal USA, Inc. and Maybelline LLC respectfully pray that the First

19 Amended Complaint be dismissed in its entirety, that the Court finds that this suit  cannot be

20 maintained as a class action, that Defendants be awarded their costs and attorneys' fees, and that

21 the Court order such other and further relief as it deems just and proper.

22 DATED:  March 22, 2013                    FARELLA BRAUN + MARTEL LLP

23

24                                                         By:_____/s/ C. Brandon Wisoff_____
                                                                  C. Brandon Wisoff
25
                                                            Attorneys for Defendants
26                                                          L'OREAL USA, INC. AND MAYBELLINE LLC

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:12-cv-06342 CRB                            - 8 -                            28569\3598408.1

1

### DEMAND FOR JURY TRIAL

2          Defendants L'Oreal USA, Inc. and Maybelline LLC hereby demand a trial by jury on all

3     issues so triable.

4     Dated: March 22, 2013                        FARELLA BRAUN + MARTEL LLP

5

6                                                  By:    /s/ C. Brandon Wisoff
                                                          C. Brandon Wisoff
7
                                                   Attorneys for Defendants
8                                                  L'OREAL USA, INC. AND MAYBELLINE LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:12-cv-06342 CRB                         - 9 -                          28569\3598408.1