Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Chris Arledge (Bar No. 200767)
carledge@onellp.com
ONE LLP
4000 MacArthur Blvd
West Tower, Suite 1100
Newport Beach, CA 92660
T: 949-502-2870
F: 949-258-5081

Attorneys for Plaintiff,

C. Brandon Wisoff (State Bar No. 121930)
bwisoff@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Frederick B. Warder III (Admitted *pro hac vice*)
fbwarder@pbwt.com
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2121
Facsimile: (212) 336-2222

Jeremy Feigelson (Admitted *pro hac vice*)
jfeigelson@debevoise.com
Jeffrey S. Jacobson (Admitted *pro hac vice*)
jsjacobson@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6230
Facsimile: (212) 521-7230

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIAT ORSHANSKY, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>L'OREAL USA, INC., a Delaware corporation; MAYBELLINE, LLC, a New York limited liability company dba MAYBELLINE, NEW YORK,<br><br>Defendants. | Case No. 3:12-CV-06342-CRB<br>Hon. Charles R. Breyer<br><br>**JOINT STATUS REPORT** |

The parties to the above-entitled action jointly file the following Joint Status Report under this District's Standing Order for Contents of Case Management Statement.

1. <u>Jurisdiction and Service.</u>  The Court's jurisdiction arises under 28 U.S.C. § 1331 for the federal question claim and under § 1332(d), the Class Action Fairness Act.  There are no issues regarding venue or personal jurisdiction anticipated at this time, other than those identified below, nor are there any extant service issues.

2. <u>Facts.</u>  Plaintiff contends that this is a class action.  Plaintiff's allegations involve four products advertised and sold by Defendants: Super Stay Lipstick 14 HR, Super Stay 10 HR Stain/Gloss, New Voluminous False Fiber Lashes, and Volum'Express The Falsies.  The first two are lipstick products, the last two are mascara products.

Plaintiff further contends that the advertising regarding the products is false and misleading.  As to the lipstick, the advertising that it lasts for the asserted number of hours is false.  As to the mascara, the advertising of the product is false and misleading because the advertisements are not of people using the product, and the products do not perform as represented.

Defendants dispute that this suit is appropriate for class action treatment pursuant to Federal Rule of Civil Procedure 23.  Defendants further dispute Plaintiff's claims regarding the lip and mascara products.  Defendants contend that the products perform consistent with advertising and consumer expectations, and that Plaintiff's purchase and use of the products at issue did not cause her any injury.

3. <u>Legal Issues.</u>  The disputed legal issues are: (1) amenability of the action to treatment as a class action under Fed. R. Civ. P. 23; (2) existence of false and misleading advertising under Cal Civ. Code § 1781 *et seq.* and Cal. Bus. & Prof. Code 17500; (3) existence of breaches of implied and express warranties under 15 U.S.C. § 2301 *et seq.*, California common law and the Song-Beverly Act; (4) the existence of unfair, unlawful and fraudulent business practices under Cal. Bus. & Prof. Code 17200; (5) if liability is found, the scope of damages, restitution and injunctive relief.

4. <u>Motions.</u>

*Prior*: (1) Defendants have secured a stay from this Court pending their MDL motion.  (2) Defendants also filed a MDL motion, which was rejected by the MDL Panel.

*Anticipated:* It is anticipated that Plaintiff will file a Motion for Class Certification per schedule in § 9 below. Other than potential motions relating to deferred merits discovery and/or expert witness testimony, which Defendant is not currently in a position to predict, the only motions Defendants would anticipate are potential motions to consolidate, transfer, sever, and/or stay all or some of the proceedings in this action in connection with the related actions captioned *Leebove, et al. v. Maybelline, LLC*, Case No. 12-7146 (KPF), in the Southern District of New York, and *Nobles v. L'Oreal USA, Inc., et al.*, Case No. 13-1911 (JSC), in the Northern District of California. In particular, Defendants may seek to avoid overlapping class certification briefing in different actions that allege identical or concentric classes of plaintiffs.

5. <u>Amendment of Pleadings.</u> Plaintiff's Complaint states claims for relief and the appropriate damages methodologies under the various claims-statutes are outlined below. Plaintiff does not expect to amend the pleadings at this juncture given the aforementioned. The parties agree all pleadings should be amended within 90 days of the entry of the scheduling order hereunder after which point Rule 16's good cause standard will apply.

6. <u>Evidence Preservation.</u> The parties represent that they have instituted reasonable document retention procedures so as to maintain any relevant documents, electronic or otherwise, until this dispute is resolved.

7. <u>Disclosures.</u> The parties have agreed to exchange Initial Disclosures on July 8, 2013.

8. <u>Discovery.</u> No discovery has occurred to date given the early procedural issues addressed in 4 above.

  A. *Plaintiff's Position*

Plaintiff believes that based upon the Supreme Court's recent pronouncement in *Comcast Corp. v. Behrend*, 133 S.Ct. 1426 1432-33 (March 27, 2013), Defendants' proposal on segregating class from merits discovery does not make sense. In *Behrend*, the Court noted that it has had to "repeatedly" state that the class inquiry frequently overlaps with the merits inquiry. "That is so because the 'class determination generally involves

considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Id.* Here, the merits and class issues overlap and there should be no automatic rule of limitation imposed at this juncture on the scope of discovery.

Second, Plaintiffs herein are fine with the idea of working together to coordinate discovery so as not to waste anyone's resources, but the artificial boundaries adopted by Defendants make no sense. For example, Plaintiffs cannot be held to a 14 hour deposition (as Defendants argue above in ¶ 8) when that may man Plaintiffs herein get no time with the witness, because of dependence upon Defendants' objections and the unknown tack take by other lawyers. Or, it is not fair to deny Plaintiffs here access to a witness until all other plaintiffs' lawyers in other cases are ready to also proceed to depo with that witness, which may cause delays simply because of the different procedural postures of the cases.

Instead, Plaintiffs expect that the parties will be able to address all such issues without court intervention by informal efforts among the parties so as to eliminate duplicative work and overlap (which benefits no one on the plaintiff side and only benefits lawyers for the defense anyway). But this should be addressed by the parties in the first instance not with pre-ordained rules of limitation that limit Plaintiffs' rights herein.

B. *Defendants' Position*

Defendants believe that to conserve party and judicial resources, it is important to coordinate discovery in this case with the related cases currently pending in this district and in other district courts, in particular the *Nobles v. L'Oreal USA, Inc., et al.* and *Leebove, et al. v. Maybelline, LLC* actions. In denying Defendants' application that the related cases be consolidated into a multi-district proceeding, the MDL Panel noted "[t]o the extent that there is factual overlap among the actions, the risk of duplicative discovery and inconsistent pretrial rulings can be minimized through voluntary cooperation and coordination among the parties and the involved courts." *See In re: Maybelline N.Y. & L'Oréal Paris Cosmetic Prods. Mktg. & Sales Practices Litig.*, MDL No. 2447, at 1 (J.P.M.L. June 6, 2013) (cit*ing In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377, 1378 (J.P.M.L. 2011)).

Specifically, a number of Defendants' witnesses may possess relevant information in connection with one or more of the other four pending cases.  Therefore, and in accordance with the MDL Panel's order, Defendants request that all depositions in this case be coordinated with the other cases, such that each deponent will only be required to sit for a deposition once and that such deposition will take place in a mutually convenient location.  To the extent that the plaintiffs in the various cases require additional time for questioning each deponent, Defendants agree to make their witnesses available for more than the 7 hours allowed by Federal Rule of Civil Procedure 30(d)(1).  The amount of time each witness will be made available will in the first instance be negotiated among the parties, and will depend on the anticipated scope of the examination, but should in no instance be greater than 14 hours.  To the extent that any of Defendants' witnesses deposed during the class-certification phase have knowledge relating to deferred merits issues, Defendants will make those witnesses available again in the merits phase of the case, should the case reach the merits phase.

Defendants also request that the timing of discovery and other deadlines in this action be coordinated with the case schedules in the related actions in order to promote efficiency and conserve party and judicial resources and to avoid prejudicial overlap of filing deadlines.

Defendants agree with Plaintiff that counsel for all parties in the related cases should be able to resolve many, if not all, coordination issues without court intervention, and Defendants have indicated their willingness and desire to coordinate simultaneously with counsel for all plaintiffs in the related cases.  However, Defendants anticipate that there may be coordination disputes that require guidance and/or intervention from this Court.

9. <u>Class Actions</u>

    A. *Plaintiff's Position*

        1. *No Merits-Class Bright Line Rule of Discovery Limitation*

Plaintiff believes that based upon the Supreme Court's recent pronouncement in *Comcast Corp. v. Behrend*, 133 S.Ct. 1426 1432-33 (March 27, 2013), Defendants' proposal on segregating class from merits discovery does not make sense. In *Behrend*, the Court noted that it has had to "repeatedly" state that the class inquiry frequently overlaps with the merits inquiry. "That is so because the 'class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Id.* Here, the merits and class issues overlap and there should be no automatic rule of limitation imposed. As such, the proposed schedule below is fine *except* for the requirement that no merits discovery begin until after class certification motions or to the extent the schedule structurally implies a prohibition on merits discovery.

### 2. Coordination

Plaintiffs herein are fine with the idea of working together to coordinate discovery so as not to waste anyone's resources, but the artificial boundaries adopted by Defendants make no sense. Plaintiffs cannot be held to a 14 hour deposition (as Defendants argue above in ¶ 8) when that may man Plaintiffs herein get no time with the witness, because of dependence upon Defendants' objections and the unknown tack take by other lawyers. Or, it is not fair to deny Plaintiffs here access to a witness until all other plaintiffs' lawyers in other cases are ready to also proceed to depo with that witness. Instead, Plaintiffs expect that the parties will be able to address all such issues without court intervention by informal efforts among the parties so as to eliminate duplicative work and overlap (which benefits no one on the plaintiff side and only benefits lawyers for the defense anyway).

### B. Defendants' Position

Defendants contend that class certification should be decided as a threshold matter before extensive merits discovery, including expensive and resource-intensive productions of ESI and other data, is undertaken. *See, e.g., Rosales v. FitFlop USA, LLC*, 2013 U.S. Dist. LEXIS 33472, at *4 (S.D. Cal. Mar. 11, 2013) ("Simultaneous class discovery and merits discovery may generate extraordinary and unnecessary expense and burden in that the parties may waste resources on merits discovery that turns out to be unnecessary either

because the class is defined more narrowly than expected or the plaintiffs decide to discontinue the case after a denial of certification." (citation and quotation marks omitted)); *Barnes v. Equinox Grp.*, 2011 U.S. Dist. LEXIS 131107, at *2 (N.D. Cal. Nov. 14, 2011) ("In putative class actions such as this, courts often bifurcate discovery, as to first determine whether certification is proper before addressing the merits of the dispute." (citation and quotation marks omitted)).

Defendants do not propose that the Court enter an order "bifurcating" class and merits discovery. Instead, as Defendants have stated to Plaintiff, Defendants propose that some subjects of discovery, and some types of expensive and burdensome document collection and production, be deferred in this particular case until after class certification is decided. It is Defendants' position that the *Comcast* decision does not foreclose deferral of some merits discovery in certain class actions, and that the circumstances of this particular action warrant deferral of some merits discovery. Among the considerations which Defendants believe warrant deferral in this case are: the likely issues in dispute in the class certification phase; the non-reciprocal nature of discovery in this particular class action; the burdensomeness of collecting and producing documents and data and providing fact witnesses (and presumably conducting expert analysis and discovery regarding the same) on certain subjects before class certification has been evaluated; and the marginal relevance, if any, of certain merits-focused issues to class determination. Defendants have proposed to Plaintiff (and to counsel in the related cases) that the parties first negotiate in good faith what discovery Defendants will provide, and on what subjects. Should the parties be unable to reach agreement, only then would Defendants propose to seek the Court's intervention.

Assuming that some merits discovery will be deferred, Defendants propose the following schedule for resolution of Plaintiff's class certification allegations:

| Event | Defendant's Proposal |
|---|---|
| Joint Status Report/Class Cert Discovery Plan | July 1, 2013 |
| Exchange of initial disclosures | July 8, 2013 |
| Parties serve class certification discovery requests | July 12, 2013 |
| Responses and objections to discovery requests | August 9, 2013 |
| Class-certification documents produced | September 20, 2013 |
| Close of class-certification fact depositions | November 29, 2013 |
| Close of pre-certification discovery | January 10, 2014 |
| Plaintiff's class-certification expert reports due | February 7, 2014 |
| Defendants' class-certification expert reports due | March 14, 2014 |
| Plaintiff's class-certification rebuttal expert reports due | April 4, 2014 |
| Close of class-certification expert depositions | May 2, 2014 |
| Plaintiff's motion for class certification due | May 23, 2014 |
| Defendants' opposition to class certification due | July 18, 2014 |
| Plaintiff's reply on class certification due | August 15, 2014 |
| Joint status report for merits discovery | 21 days after resolution of class-certification motion |

Defendants state that coordinating discovery in this case with discovery in the related cases, and in particular with *Nobles v. L'Oreal USA, Inc., et al.* and *Leebove, et al. v. Maybelline,* may require amendments to this proposed schedule. Defendants anticipate that the parties in both actions will be able to coordinate much of the discovery by consensus without need of Court intervention. However, should Court intervention be required, or should this discovery schedule warrant amendment to accommodate adjustments by agreement among the parties, or Court order, including regarding deferral or non-deferral

of some merits subjects, Defendants propose that the parties seek the Court's guidance and/or intervention, as appropriate.

10. <u>Related Cases.</u>

As described in Defendants' Notice of Pendency of Other Action or Proceeding filed with this Court on March 20, 2013, this case is related to several other pending actions:

- *Leebove et al. v. Maybelline, LLC*, Case No. 12-cv-7146 (S.D.N.Y.), filed on September 12, 2012.
- *Algarin v. Maybelline, LLC*, Case No. 12-cv-3000 (AJB) (DHB) (S.D. Cal.), filed on December 18, 2012.
- *Murdock v. Maybelline, LLC*, Case No. 13-cv-00207 (JAM) (EFB) (E.D. Cal.), filed on February 1, 2013.

Since the filing of that Notice, one additional related case has been filed in this District:

- *Nobles v. L'Oreal USA, Inc., et al.*, Case No. 13-cv-1911 (JSC) (N.D. Cal.), filed on April 25, 2013.

11. <u>Relief.</u>

    A.    *Plaintiff's Position*

Plaintiff seeks relief of an injunction, damages/restitution/applicable penalties-enhancements, and attorneys' fees/costs. If liability is established, Plaintiff contends monetary relief should be calculated as follows:

(1) *First Claim under the CLRA*, Cal. Civ. Code § 1750:

    a. Damages as a legal remedy under the CLRA. *Wilens v. TD Waterhouse*, 120 Cal. App. 4th 746, 754 (2003); Cal. Civ. Code § 1780(a)(1).

        i. These damages are the actual losses suffered by California consumers (*see, e.g., Colgan v. Leatherman Tool Group*, 135 Cal.App.4th 663, 696 (2006)) who purchased the products, which products do not perform as promised.

      ii. This calculation would be the retail price of the products times the units sold in California. The information on these exact numbers are within the possession, custody and control of Defendants and have not yet been produced.

   b. Trebling of actual damages upon a showing of willfulness. Cal. Civ. Code § 1780(a)(c).

   c. Restitution is also a CLRA remedy. Cal. Civ. Code § 1780(a)(3). The restitution calculation would follow as identified below in paragraph (3).

   d. Punitive damages. Cal. Civ. Code § 1780(a)(4). Consistent with the Constitution, punitive damages will be sought by way of an appropriate multiplier, cognizant of Defendants' financial condition. All of these documents are in Defendants' possession, custody and control.

   e. Attorneys' fees/costs subject to post-trial motions and submissions. Cal. Civ. Code § 1780(e).

(2) *Second & Third Claims for Express & Implied Warranty:* Damages as a legal remedy for express and implied warranty claims on behalf of nationwide purchasers are calculated as follows.

   a. Damages under the UCC: The damages remedy is the same as outlined in paragraph (4) below, specifically the gross sales price of all units nationwide.

   b. Damages under the California Civil Code, Song-Beverly Warranty Act, Cal Civ. Code § 1790 *et seq*:

      i. Damages remedy: Under it, reimbursement is a remedy. *Reveles v. Toyota by the Bay*, 57 Cal.App.4th 1139 (1997); Cal. Civ. Code § 1794(b). Thus, it is reimbursement of the gross sales price of all the units sold nationwide. All of the documents that identify these exact numbers are in Defendants' possession, custody and control.

      ii. Civil penalties: Section 1794(c) permits, upon a willful finding, doubling of the damages as a civil penalty.

      iii. Attorneys' fees/costs under § 1794(d), subject to post-trial motions and submissions.

(3) *Fourth & Fifth Claims*: Restitution as a remedy under the 17500 and 17200 claims for False Advertising and Unfair Competition, respectively. *Korea Supply*, 29 Cal.4th 1134, 1144 (2003).

    a. This restitution remedy is aimed has twin purposes: returning to the plaintiff monies in which he or she has an interest and deterring the offender from future violations. *Fletcher v. Security Pacific Nat'l Bank*, 23 Cal.3d 442, 450 (1979). It seeks to restore to the plaintiffs "any money…which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203. The False Advertising provisions are consistent. Cal. Bus. & Prof. Code § 17535 ("which may have been acquired by means of any practice in this chapter to be declared to be unlawful.").

    b. This remedy under both statutes requires returning to California consumers the money they gave for the products, per *Korea Supply*. This amounts to the purchase price times the units sold in California. This remedy will restore plaintiffs to the status quo ante position they occupied. The information on these exact numbers are within the possession, custody and control of Defendants and have not yet been produced.

    c. Attorneys' fees/costs under each statute. *Harper v. 24 Hour Family Fitness*, 167 Cal.App.4th 966, 975 (2008).

(4) *Sixth Claim for Moss-Magnuson, 15 U.S.C. § 2301:*

    a. Damages as a legal remedy for violations of 15 U.S.C. § 2301 are provided under § 2310(d).

      i. Generally, courts look to underlying state law to assess damages for economic losses. *Kelly v. Fleetwood Ent.*, 377 F.3d 1034, 1039-40 (9th Cir. 2004); *Stoebner v. Automobil Lamorghini*, 459 F. Supp. 2d 1028, 1035 (D. Hi. 2006); *see also Boelens v. Redman* Homes, 748 F.2d 1058,

1064 (5th Cir. 1984); 15 U.S.C. § 2311(b)(1).  Under the UCC, a plaintiff has no obligation to retain title to the defective product—and hence defendant has no right to a reduction in damages based upon salvage value—if the circumstances require it.  Cal. Comm. Code § 2714(2) (the adoption of the UCC 2-714); *Charles Lomori & Son v. Globe Laboratories,* 35 Cal.App.2d 248 (1939); *Murphy v. Mallard Coach Co.*, 582 N.Y.S.2d 528, 532 (N.Y. 1992).

    ii. The damages calculation thus would be the gross purchase price of the products (nationally), e.g., a full refund. *Murphy*, 582 N.Y.S.2d at 532.  Even if an offset was theoretically permitted, here there would be no salvage value at all: used lipstick or mascara has no secondary market value, nor does it have continuing use value to the consumers since it does not perform the promised function and so alternative purchases to achieve the function have necessarily been made by consumers.

b. Punitive damages to the extent available. *E.g., Romo v. FFG, Ins. Co.*, 397 F. Supp. 2d 1237, 1240-41 (C.D. Cal. 2005).

c. Attorneys' fees/costs are also available under § 2310(d)(2) and would be calculated consistent with Section (1) above.

  B. *Defendants' Position:*

Defendants dispute certification of the proposed class, liability, and Plaintiff's assertions about entitlement to damages and other relief.

12. <u>Settlement and ADR.</u>

  A. *Plaintiff's Position:*

Plaintiff has repeatedly offered to attend a private mediation on all (lipstick and mascara products) or part of the case (only mascara or only lipstick).  Defendants have refused.  Plaintiffs remain willing to attend a mediation.

  B. *Defendants' Position:*

Contrary to Plaintiff's assertion, Defendants have not refused mediation in this matter. Defendants' position, which it has communicated to Plaintiff, is that mediation at this time is premature and would be unproductive, but that mediation at a later date may be appropriate.

13. <u>Consent to Magistrate Judge For All Purposes.</u>  The parties do not consent.

14. <u>Other References.</u>  The MDL Panel has already refused to accept the case.

15. <u>Narrowing of Issues.</u>  The parties will work together to try to secure stipulations to as many factual matters as possible and to reach agreement on the admissibility at trial of as many exhibits as possible so as to avoid undue pretrial/trial evidentiary disputes.

16. <u>Expedited Schedule.</u>  This case is not amenable to an expedited schedule.

17. <u>Scheduling.</u>  See response in Section 9.

18. <u>Trial.</u>

*A. Plaintiffs' Position:*

This will be a jury trial. Plaintiff currently anticipates it would be a 5-7 day trial.

*B. Defendants' Position:*

Defendants believe it is premature to offer an estimate for trial length because they do not yet know whether there will be a class and, if there is a class, what the scope of the class will be. If the classes requested by Plaintiff are certified, Defendants anticipate the trial would last a minimum of 5-7 days, and likely longer.

19. <u>Disclosure of Non-party Interested Entities or Persons.</u>

*A. Plaintiff's Position:*  See below ¶ 19.B.

*B. Defendants' Position:*

As Defendants disclosed on March 20, 2013, Defendant Maybelline LLC is a New York limited-liability corporation wholly owned by Defendant L'Oréal USA, Inc., a Delaware corporation. Non-Party L'Oréal S.A. is the parent corporation of, or is a publicly held corporation that owns 10% or more stock of, Defendant L'Oréal USA, Inc.

20. <u>Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.</u>

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: July 2, 2013 | **ONE LLP** |
| 3 | | |
| 4 | | By:  /s/Peter Afrasiabi |
| 5 | | Peter R. Afrasiabi<br>Attorneys for Plaintiff |
| 6 | Dated: July 2, 2013 | **FARELLA BRAUN & MARTEL LLP** |
| 7 | | |
| 8 | | By:  /s/C. Brandon Wisoff |
| 9 | | C. Brandon Wisoff<br>Attorneys for Defendants |