# EXHIBIT A

## DECLARATION OF C. BRANDON WISOFF IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

*Orshansky, et al. vs. L'Oreal USA, Inc., et al.*
Case No. 3:12-cv-06342-CRB

1  Peter R. Afrasiabi (Bar No. 193336)
   pafrasiabi@onellp.com
2  ONE LLP
   4000 MacArthur Blvd
3  West Tower, Suite 1100
   Newport Beach, CA 92660
4  T: 949-502-2870
   F: 949-258-5081
5
   Attorneys for Plaintiff,
6  LIAT ORSHANSKY, on behalf of herself and
   others similarly situated
7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11 
   LIAT ORSHANSKY, on behalf of herself     Case No. 3:12-CV-06342-CRB
12 and others similarly situated,           Hon. Charles R. Breyer

13              Plaintiffs,                 **FIRST AMENDED CLASS ACTION
        v.                                  COMPLAINT FOR:**
14
   L'OREAL USA, INC., a Delaware            (1) **VIOLATIONS OF THE
15 corporation; MAYBELLINE, LLC, a New          CONSUMER LEGAL
   York limited liability company dba          REMEDIES ACT (CAL. CIVIL
16 MAYBELLINE, NEW YORK,                       CODE §§ 1750 ET SEQ.)**

17              Defendants.                 (2) **BREACH OF EXPRESS
                                                WARRANTY**
18
                                            (3) **BREACH OF IMPLIED
19                                              WARRANTY OF
                                                MERCHANTABILITY**
20
                                            (4) **UNFAIR BUSINESS
21                                              PRACTICES (CAL. BUS. &
                                                PROF. CODE § 17200 ET SEQ.)**
22
                                            (5) **FALSE ADVERTISING (CAL.
23                                              BUSINESS & PROFESSIONS
                                                CODE § 17500 ET SEQ.)**
24
                                            (6) **VIOLATION OF THE
25                                              MAGNUSON-MOSS
                                                WARRANTY ACT (15 U.S.C. §
26                                              2301 ET SEQ.)**

27                                          **DEMAND FOR JURY TRIAL**

28                                          Complaint Filed:   December 14, 2012

---

FIRST AMENDED CLASS ACTION COMPLAINT
Case No.: 3:12-CV-06342-CRB

Plaintiff LIAT ORSHANSKY (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, complains of Defendants L'OREAL USA, INC., a Delaware corporation, and MAYBELLINE, LLC, a New York limited liability company, dba MAYBELLINE NEW YORK (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over federal claims alleged herein pursuant to 28 U.S.C. § 1331 because those claims arise under the laws of the United States.

2. Subject-matter jurisdiction also exists on the basis of the Class Action Fairness Act (CAFA), 18 U.S.C. § 1332(d). This is a putative class action whereby: (i) the proposed class consists of over 100 class members; (ii) at least some of the proposed class members, including Plaintiff, have a different citizenship from Defendants; and (iii) the claims of the proposed class exceed $5,000,000.00 in the aggregate.

3. This Court has personal jurisdiction over Defendants because a substantial portion of the wrongdoing alleged in this Complaint occurred in California, and Defendants are authorized to do business in California, have sufficient minimum contacts with California, and otherwise intentionally avail themselves of the markets in California through the promotion, marketing, and sale of merchandise sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a) and 1391 because a substantial part of the events giving rise to this claim occurred in this judicial district.

5. Venue is also proper in this county pursuant to Civil Code § 1780(d) because Defendants are doing business in this county.

## PARTIES

6. Plaintiff LIAT ORSHANSKY is and at all times relevant to this Complaint was a resident of the County of Los Angeles in the State of California.

7. Defendant L'OREAL USA, INC. is a Delaware corporation doing business throughout the State of California.

8. Defendant MAYBELLINE, LLC is a New York limited liability company, doing business throughout the State of California.

## FACTS COMMON TO ALL COUNTS

9. Defendants are cosmetics manufacturers whose products include Super Stay 14 HR Lipstick, Super Stay 10 HR Stain/Gloss, New Voluminous False Fiber Lashes, and Volum'Express The Falsies ("Cosmetic Products").

10. Defendants sell the Cosmetic Products at retail stores and outlets throughout the Untied States such as shopping malls, drug stores, pharmacies, convenience stores, and supermarkets, and over the Internet.

11. Defendants market, advertise, and promote the Cosmetic Products through various media outlets, including on television and the Internet.

12. Defendants' advertisements and promotional materials state that Super Stay 14 HR Lipstick has "super rich color with super staying power" and delivers "super rich color that lasts 14 hours" "in one super step."[1] These advertisements and promotional materials further boast that "there's no dragging, no drying, no let downs at all."[2] Promotional videos show women who have applied the product eating food, kissing men, and directing the airstream from a hair-dryer onto their face and lips without diminution in the vibrancy of the color of the lipstick.[3] Defendants state that "pigments [from the lipstick] are enveloped in a longwear system."[4] By and through these advertisements, and from the name of the product itself, Defendants represent and warrant, among other things, that the product will remain on the wearer's lips for a period of 14 hours.

13. Defendants' advertisements state that Super Stay 10 HR Stain/Gloss is the

---

[1] See http://www.maybelline.com/Products/Lip-Makeup/Lip-Color/SuperStay-14HR-Lipstick.aspx
[2] Ibid.
[3] Defendants have removed these videos from their website since the filing of this lawsuit.
[4] See http://www.maybelline.com/Products/Lip-Makeup/Lip-Color/SuperStay-14HR-Lipstick.aspx

3

"first ever 10HR stain gloss."[5] Promotional videos show a model pouting with lustrous lips and the words "10 hours" written on her shoulder apparently with the same product that she has applied to her lips.[6] Defendants' advertisements and promotional materials promise "no smearing, no drying, and no rubbing off."[7] Video footage shows women who have applied the product eating food, kissing men, and placing their faces in the airstream of hand-dryer of the sort typically found in public restrooms.[8] In one video, Defendants' "makeup artist" states that "you can even kiss someone and it looks still perfect [sic]. I don't even have to retouch." Defendants contend that the product's "shine enhancing formula glides on lightweight color that won't dry out" and "feels fresh all day, never dry."[9] By and through these advertisements, and from the name of the product itself, Defendants represent and warrant, among other things, that the product will remain on the wearer's lips for a period of 10 hours.

14. On their product packaging Defendants describe New Voluminous False Fiber Lashes as a mascara with a "lash sculpting formula" that "adheres to lashes for a volumized, sculpted lash effect." Defendants guarantee that "[l]ashes appear fuller, longer, sculpted and curled at every angle." The product itself shows a series of three images that depict what Defendants call the "false lashes effect": the first image depicts the "bare lash tip," the second depicts the same image but with the eyelashes elongated with a reticulation of fibers, and the final image depicts a closed eyelid with long, curved, sensual eye lashes. The product package and advertisements[10] also describe the product as being "[c]lump-free, [f]lake-free, [and s]mudge-free[,]" and that the product "[r]emoves easily with soap and

---

[5] *See* http://www.maybelline.com/Products/Lip-Makeup/Lip-Gloss/SuperStay-10HR-Stain-Gloss.aspx.
[6] Defendants have removed these videos from their website since the filing of this lawsuit.
[7] *See* http://www.maybelline.com/Products/Lip-Makeup/Lip-Gloss/SuperStay-10HR-Stain-Gloss.aspx.
[8] Defendants have removed these videos from their website since the filing of this lawsuit.
[9] Defendants have removed these videos from their website since the filing of this lawsuit.
[10] *See* http://www.lorealparisusa.com/en/Products/Makeup/Eyes/Mascara/Voluminous-False-Fiber-Lashes-Mascara.aspx?shade=Black&cid=lorus_rm_Google_Makeup+G+Eye+Makeup+Mascara+Fiber_Eye+Makeup+Mascara+Fiber&gclid=CIHZ7qWa1bUCFQjhQgodnRAAwg

water."

15. Volum'Express The Falsies is also a mascara that Defendants guarantee on their product packaging and in advertisements[11] shall "provide the look of more lashes" and "instantly build volume for [a] dramatic false lash look" and "[d]ramatic false lash effect."

16. Defendants' advertisements misrepresent the nature and quality of the mascara products by showing models with long, sculpted, sensual eyelashes, which upon information and belief are actually false eyelashes, though these advertisements lead the audience to believe that the length and volume of the eyelashes are attributable to the use of Defendants' products.

17. Plaintiff and on information and belief numerous putative class members who bought the Cosmetic Products had previously bought other and different cosmetics products also from Defendants based on similar promises, guarantees, or representations, to which, however, those other and different cosmetic products did conform.

18. Plaintiff and each member of the putative class relied on Defendants' promises, guarantees, and representations as described in the preceding paragraphs in purchasing the Cosmetic Products, which, however, did not live up to Defendants' promises, guarantees, and representations, as described hereinabove. Rather, when Plaintiff and members of the putative class applied the Cosmetic Products, neither Super Stay 14 HR Lipstick nor Super Stay 10 HR Stain/Gloss remained on their lips for the promised duration or remained moist; nor did Voluminous False Fiber Lashes or Volum'Express The Falsies cause their eyelashes to look fuller, longer, or more voluminous as though they were wearing false lashes, and in fact both mascara products caused their eyelashes to clump, flake, and break; moreover, water and soap did not easily remove the product from their eyelashes, as promised.

19. Upon information and belief, numerous putative class members have complained in public forums, including Defendants' websites, that the Cosmetic Products

do not live up to expectations for reasons similar or identical to those stated hereinabove; however, Defendants have not taken any steps to cure or remedy the defects in the Cosmetic Products.

### PLAINTIFF'S PURCHASE OF DEFENDANTS' COSMETIC PRODUCTS

20. In or around the summer of 2012 Plaintiff saw the advertisements and read the product descriptions described in paragraphs 12 and 15 above on the Internet, including but not limited to Defendants' website, and in magazines and television advertisements.

21. Moreover, Plaintiff saw photographic advertisements for Defendants' mascara products showing models with long, sculpted, sensual eyelashes, as described in paragraph 16 above, and based on these advertisements she believed that the length and volume of the models' eyelashes were attributable to the use of Defendants' products; however, upon information and belief, one or more of the photographic advertisements that Plaintiff saw before purchasing Defendants' mascara products, and from which she formed the foregoing understanding regarding the quality and characteristics of these products, show models wearing what are actually false lashes.

22. In or around the summer of 2012 Plaintiff was shopping at Target in Van Nuys, California, where she saw the Cosmetic Products on sale.

23. Plaintiff read product labels and packaging of the Cosmetic Products, as described in paragraphs 12 through 15 above.

24. Based on these product labels and packaging, the advertisements identified in paragraphs 12 through 16 above, and Plaintiff's previous experiences using Defendants' products that conformed to representations, Plaintiff decided to purchase and did purchase the Cosmetic Products and each of them, i.e., Stay 14 HR Lipstick, Super Stay 10 HR Stain/Gloss, New Voluminous False Fiber Lashes, and Volum'Express The Falsies.

25. Plaintiff subsequently used the Cosmetic Products and each of them, but they did not conform to the representations identified in paragraphs 12 through 16 above.

---

[11] *See* http://www.maybelline.com/Products/Eye-Makeup/Mascara/Volum-Express-The-Falsies-

1  Rather, when Plaintiff applied the Cosmetic Products, neither Super Stay 14 HR Lipstick
2  nor Super Stay 10 HR Stain/Gloss remained on her lips for the promised duration or
3  remained moist; nor did Voluminous False Fiber Lashes or Volum'Express The Falsies
4  cause Plaintiff's eyelashes to look fuller, longer, or more voluminous as though she were
5  wearing false lashes, and in fact both mascara products caused her eyelashes to clump,
6  flake, and break; moreover, water and soap did not easily remove the product from her
7  eyelashes, as promised.

8  26.  On or around December 13, 2012, Plaintiff sent a letter to Defendants
9  informing them that they have engaged in unfair methods of competition and/or deceptive
10  acts or practices and/or have breached implied or express warranties in violation of various
11  statutes, including but not limited to Civil Code section 1770, in connection with the sale of
12  the Cosmetic Products and requested that they correct, repair, replace, or otherwise rectify
13  the Cosmetic Products within 30 days of receipt of the letter or Plaintiff would seek actual,
14  punitive, and statutory damages as appropriate on behalf of herself and similarly situated
15  consumers.

## CLASS ALLEGATIONS

17  27.  Plaintiff brings this action as a class action pursuant to Federal Rule of
18  Procedure 23(b)(2) and 23(b)(3). Plaintiff brings this action on her own behalf and as a
19  class action on behalf of all persons who purchased any or all of the Cosmetic Products in
20  the United States within the longest time period permissible pursuant to any and all statutes
21  of limitation. Plaintiff also brings this action on behalf of a subclass of all persons who
22  purchased any or all of the Cosmetic Products in the State of California within the longest
23  time period permissible pursuant to any and all statutes of limitation. Plaintiff reserves the
24  right to amend or modify the class description with greater specificity or further division
25  into subclasses or limitation to particular issues.

26  28.  The classes exclude counsel representing the classes; governmental entities;

Washable-Mascara.aspx

Defendants and any entity in which Defendants have a controlling interest; Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns; any judicial officer presiding over this matter and the members of their immediate families and judicial staff; and any individual whose interests are antagonistic to other putative class members.

29. <u>Numerosity</u>: The proposed classes are so numerous and spread out to such a degree across the United States that individual joinder of all its members is impracticable. Upon information and belief the classes comprise many thousands of members. While the exact number and identities of the putative class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the class members in a single class action will provide substantial benefits to all parties and to the Court.

30. <u>Typicality</u>: Plaintiff's claims are typical of the claims of all putative class members in that Plaintiff and putative class members suffered similar damages resulting from a single, continuing course of conduct by Defendants.

31. <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff has retained counsel with substantial experience in prosecuting complex lawsuits and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interests adverse to the class.

32. <u>Superiority of Class Action and Impracticability of Individual Actions</u>: Plaintiff and the members of the putative class have suffered, and will continue to suffer, harm as a result of Defendants' unlawful, fraudulent and unfair conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual joinder of all members of the putative class is impractical. Even if individual members of the putative class had the resources to pursue individual litigation, it would be unduly burdensome to the courts to be faced with potentially hundreds of thousands individual cases. Individual litigation magnifies the delay and expense to all

parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all claims of putative class members in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the putative class members.

33. <u>Common Questions of Law and Fact Predominate</u>: Questions of law and fact common to the claims of Plaintiff and putative class members predominate over any questions of law or fact affecting only individual members of the putative class. Common questions of law and fact include but are not limited to the following:

    a. Whether Defendants breached express warranties made to Plaintiff and the putative class about the Cosmetic Products;

    b. Whether Defendants breached the implied warranty of merchantability with regard to Plaintiff and putative class members;

    c. Whether Defendants' conduct was a "fraudulent practice" within the meaning of the UCL in that it was likely to mislead consumers;

    d. Whether Defendants' conduct was an "unfair practice" within the meaning of the UCL in that it offended established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers;

    e. Whether Defendants' conduct was an "unlawful" practice within the meaning of the UCL;

    f. Whether Defendants' conduct was likely to deceive a consumer acting reasonably in the same circumstances;

    g. Whether Defendants advertise or market the Cosmetic Products in a way that is false or misleading;

    h. Whether Defendants violated California Business and Professions Code § 17500 et seq.;

    i. Whether Defendants violated California Civil Code § 1750 et seq.;

  j. Whether Plaintiff and members of the putative class are entitled to restitution, injunctive, declaratory and/or other equitable relief;

  k. Whether Defendants violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.; and

  l. Whether Plaintiff and the members of the class sustained monetary loss.

34. <u>Notice</u>: Notice can be provided via publication, including but not limited to Internet publication, and corrective advertising such as notification where the Cosmetic Products are sold.

# FIRST CAUSE OF ACTION FOR
# VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT,
# CIVIL CODE § 1750 ET SEQ.
### (Brought on Behalf of the California Subclass)

35. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 34 above.

36. This cause of action is brought for violations of the Consumer Legal Remedies Act ("CLRA"). Plaintiff brings her cause of action on her own behalf and on behalf of all similarly situated consumers within the meaning of Civil Code § 1781.

37. As set forth herein, Defendants violated and continue to violate the CLRA by engaging in the following practices among others proscribed by California Civil Code § 1770(a) in transactions that were intended to result in and did result in the sale of the Cosmetic Products to consumers:

  (a) representing that the Cosmetic Products have characteristics and benefits that they do not have;

  (b) representing that the Cosmetic Products are of a particular standard, quality, or grade, which they are not;

  (c) advertising the Cosmetic Products with an intent not to sell them as advertised; and

(d) representing that the Cosmetic Products have been supplied in accordance with previous representations that they have not.

38. Defendants knew or should have known that their representations and advertisements regarding the Cosmetic Products were false and misleading.

39. As a direct and proximate cause of Defendants' violation of the CLRA as alleged hereinabove, Plaintiff and members of the putative class have suffered damages, including but not limited to inducing them to purchase goods that did not conform to Defendants' representations and thereby incur a pecuniary loss.

40. Pursuant to California Civil Code § 1780, Plaintiff, on behalf of herself and the putative class, seeks damages, restitution, injunctive relief, punitive damages, attorneys' fees, and the costs of litigation.

41. On or about December 13, 2012, Plaintiff, on behalf of herself and the putative class, sent by certified registered mail return receipt requested a notice and demand pursuant to California Civil Code § 1782 notifying Defendants that they are in violation of the CLRA and must correct, repair, replace, or otherwise rectify the Cosmetic Products. Defendants were further advised that in the event the relief requested has not been provided within 30 days, Plaintiff would seek monetary damages pursuant to the CLRA. If Defendants fail to rectify or agree to rectify the problems associated with the actions detailed above or give notice to all affected consumers within 30 days of the date of the written notice pursuant to California Civil Code § 1782, Plaintiff will seek actual, punitive, and statutory damages as appropriate.

## SECOND CAUSE OF ACTION FOR
## BREACH OF EXPRESS WARRANTY
### (Brought on Behalf of the Nationwide Class)

42. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 41 above.

43. By and through the conduct alleged in this Complaint, Defendants made the express warranties to Plaintiff and each member of the Class as described hereinabove

about the Cosmetic Products, and these express warranties became part of the basis for the bargain whereby Plaintiff and members of the putative class purchased the products.

44. Defendants breached these express warranties because the Cosmetic Products did not conform to Defendants' promises, guarantees, and representations, as described hereinabove.

45. As a direct and proximate cause of the Defendants' breach, Plaintiff and members of the Class suffered damages in an amount to be proven at trial because that they would not have purchased the Cosmetic Products if the true facts about those products had been known.

46. Plaintiff, on behalf of herself and the putative class, seeks damages, restitution, injunctive relief, punitive damages, attorneys' fees and costs of litigation.

## THIRD CAUSE OF ACTION FOR
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Brought on Behalf of the Nationwide Class)

47. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 46 above.

48. Plaintiff and members of the putative class purchased consumer goods, namely, the Cosmetic Products.

49. At the time that Plaintiff and each member of the putative class purchased the Cosmetic Products, Defendants were in the business of manufacturing the Cosmetic Products.

50. The Cosmetic Products were not adequately contained, packaged, or labeled and/or did not measure up to the promises or facts stated on the container or label and/or were not fit for the ordinary purposes for which such goods are used or were supposed to be used owing to Defendants' misrepresentations regarding the Cosmetic Products, as alleged hereinabove.

51. As a direct and proximate result of Defendants' actions, Plaintiff and the members of the putative class have suffered damages in an amount to be proven at trial

because that they would not have purchased the Cosmetic Products if the true facts about those products had been known.

52. Plaintiff, on behalf of herself and the putative class, seeks damages, restitution, injunctive relief, punitive damages, attorneys' fees and costs of litigation.

## FOURTH CAUSE OF ACTION FOR
## UNFAIR BUSINESS PRACTICES UNDER
## CAL. BUS. & PROF. CODE § 17200 ET SEQ.
### (Brought on Behalf of the California Subclass)

53. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 52 above.

54. The wrongful acts of Defendants alleged herein were fraudulent, unfair, and unlawful business acts and practices in violation of UCL.

55. Defendants' conduct described above constitutes a fraudulent business practice within the meaning of the UCL because it is likely to deceive a reasonable consumer. Plaintiff and each member of the putative class were fraudulently induced to buy the Cosmetic Products based on Defendants' representations, as alleged hereinabove.

56. Defendants' conduct described above also constitutes an unfair business practice within the meaning of the UCL. The potential harm that consumers will be deceived into buying products that do not meet Defendants' representations is substantially injurious to consumers, violates public policy, and is immoral, unethical, oppressive, and unscrupulous, because the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

57. Defendants' acts and practices described above were also unlawful in that they constitute violations of California False Advertising Law, Cal. Bus & Professions Code § 17500; the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.; the Song-Beverly Act, Cal. Civ. Code §§ 1790 et seq.; and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.

58. Plaintiff and each member of the putative class suffered an injury in fact and

lost money or property as a result of the Defendants' wrongful business practices because they were induced to purchase products that they would not have otherwise purchased if they had known the truth about the products.

59. Plaintiff and each member of the putative class are therefore entitled to restitution of all amounts wrongfully obtained by Defendants. Plaintiff and each putative class member are also entitled to disgorgement of all profits wrongfully obtained by Defendants, in an amount to be proven at trial.

60. Plaintiff and each member of the putative class are entitled to injunctive relief to prevent Defendants from engaging in the fraudulent, unfair, and unlawful practices described above.

## FIFTH CAUSE OF ACTION FOR
## FOR FALSE ADVERSTISING UNDER CALIFORNIA
## CAL. BUS. & PROF. CODE § 17500 ET SEQ.
### (Brought on Behalf of the California Subclass)

61. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 60 above.

62. Defendants committed acts of false advertising, as defined by Bus. & Prof. Code 17500 et seq. by using false and misleading statements to promote the sale of the Cosmetic Products, as described hereinabove.

63. Defendants knew or should have known through the exercise of reasonable care that the statements were untrue and misleading.

64. Defendants' actions in violation of Cal. Bus. & Prof. Code § 17500 were false and misleading such that the general public was likely to be deceived.

65. As a direct and proximate result of these acts, Plaintiff has suffered injury in fact and has lost money or property. Consequently, Plaintiff brings this cause of action on behalf of herself and the putative class and on behalf of the common or general interest and seeks restitution, disgorgement, injunctive relief, and all other relief allowable under §17500 et seq.

# SIXTH CAUSE OF ACTION FOR
# VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. § 2301 ET SEQ.
### (Brought on Behalf of the Nationwide Class)

66. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 65 above.

67. Defendants' written affirmations of fact, promises, and/or descriptions as alleged herein are written warranties as to the nature, quality, and character of the Cosmetic Products, and/or there exists an implied warranty for the sale of such products within the meaning of the Magnuson-Moss Warranty Act ("MMWA").

68. As detailed above, Defendants breached these express and/or implied warranties in that the Cosmetic Products do not conform to the representations made by Defendants and/or were not fit for their intended use.

69. Resorting to any informal dispute settlement procedure and/or affording Defendants another opportunity to cure these breaches of warranties is unnecessary and/or futile. Any remedies available through any informal dispute settlement procedure would be inadequate under the circumstances because Defendants have failed to remedy the misleading labeling of multiple Cosmetic Products despite knowledge that they are misleading owing to numerous complaints made by consumers and despite Plaintiff's having given notice of defects on or around December 13, 2012, as allege hereinabove.

70. As a result of Defendants' breach of warranty, Plaintiff and members of the putative class have sustained damages and other losses in an amount to be determined at trial and are therefore entitled to damages, equitable relief, attorneys' fees, costs of litigation, and/or other relief as is deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. For an order certifying that this action may be maintained as a class action;

  b. For damages in an amount to be proven at trial;

  c. For punitive damages in an amount to be proven at trial;

  d. For restitution of all amounts wrongfully obtained by Defendants through their fraudulent, unfair, and unlawful business practices;

  e. For an award of suitable equitable, injunctive and declaratory relief, including but not limited to ordering Defendants to engage in a corrective advertising campaign;

  f. For prejudgment and post-judgment interest;

  g. For reasonable attorneys' fees and costs; and

  h. For such other and further relief as is just and appropriate.

Dated: March 8, 2013    **ONE LLP**

    By: */s/ Peter R. Afrasiabi*
      Peter R. Afrasiabi
      Attorneys for Plaintiff LIAT
      ORSHANSKY and the Putative Class

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: March 8, 2013    **ONE LLP**

    By: */s/ Peter R. Afrasiabi*
      Peter R. Afrasiabi
      Attorneys for Plaintiff LIAT
      ORSHANSKY and the Putative Class