1  Peter R. Afrasiabi (Bar No. 193336)
   pafrasiabi@onellp.com
2  ONE LLP
   4000 MacArthur Blvd
3  West Tower, Suite 1100
   Newport Beach, CA 92660
4  T: 949-502-2870
   F: 949-258-5081
5
   Attorneys for Plaintiff,
6  LIAT ORSHANSKY, on behalf of herself and
   others similarly situated
7
   Reginald V. Terrell (SBN 127874)
8  reggiet2@aol.com
   THE TERRELL LAW GROUP
9  P.O. Box 13315, PMB #148
   Oakland, CA 94661
10 T: 510-237-9700
   F: 510-237-4616
11
   Attorneys for Plaintiff,
12 AYANNA NOBLES, on behalf of herself and
   others similarly situated
13

14                **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16

17 LIAT ORSHANSKY, on behalf of            Case No. 3:12-CV-06342-CRB
   herself and others similarly situated;  *Related Case No. 3:13-cv-01911-CRB*
18 AYANNA NOBLES, on behalf of herself
   and others similarly situated,          Hon. Charles R. Breyer
19
                                           **SECOND AMENDED CLASS**
20 Plaintiffs,                             **ACTION COMPLAINT FOR:**

21        v.                               **VIOLATIONS OF THE**
                                           **CONSUMER LEGAL REMEDIES**
22 L'OREAL USA, INC., a Delaware           **ACT (CAL. CIVIL CODE §§ 1750 ET**
   corporation; MAYBELLINE, LLC, a New     **SEQ.)**
23 York limited liability company dba
   MAYBELLINE, NEW YORK,                   **BREACH OF EXPRESS**
24                                         **WARRANTY**
   Defendants.
25                                         **BREACH OF IMPLIED**
                                           **WARRANTY OF**
26                                         **MERCHANTABILITY**

27                                         **UNFAIR BUSINESS**
28                                         **PRACTICES (CAL. BUS. & PROF.**

─────────────────────────────────────────────

CODE § 17200 ET SEQ.)

**FALSE ADVERTISING (CAL. BUSINESS & PROFESSIONS CODE § 17500 ET SEQ.)**

**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. § 2301 ET SEQ.)**

**DEMAND FOR JURY TRIAL**

SECOND AMENDED CLASS ACTION COMPLAINT
Case No.: 3:12-CV-06342-CRB

Plaintiffs LIAT ORSHANSKY and AYANNA NOBLES  (hereinafter "Plaintiffs"), on behalf of themselves and all others similarly situated, complain of Defendants L'OREAL USA, INC., a Delaware corporation, and MAYBELLINE, LLC, a New York limited liability company, dba MAYBELLINE NEW YORK (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction over federal claims alleged herein pursuant to 28 U.S.C. § 1331 because those claims arise under the laws of the United States.

2.      Subject-matter jurisdiction also exists on the basis of the Class Action Fairness Act (CAFA), 18 U.S.C. § 1332(d).  This is a putative class action whereby: (i) the proposed class consists of over 100 class members; (ii) at least some of the proposed class members, including Plaintiff, have a different citizenship from Defendants; and (iii) the claims of the proposed class exceed $5,000,000.00 in the aggregate.

3.      This Court has personal jurisdiction over Defendants because a substantial portion of the wrongdoing alleged in this Complaint occurred in California, and Defendants are authorized to do business in California, have sufficient minimum contacts with California, and otherwise intentionally avail themselves of the markets in California through the promotion, marketing, and sale of merchandise sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a) and 1391 because a substantial part of the events giving rise to this claim occurred in this judicial district.

5.      Venue is also proper in this county pursuant to Civil Code § 1780(d) because Defendants are doing business in this county.

## PARTIES

6.      Plaintiff LIAT ORSHANSKY is and at all times relevant to this Complaint

3

was a resident of the County of Los Angeles in the State of California.

7.    Plaintiff AYANNA NOBLES is at all times relevant to this Complaint was a resident of the County of Alameda in the State of California.

8.    Defendant L'OREAL USA, INC. is a Delaware corporation doing business throughout the State of California.

9.    Defendant MAYBELLINE, LLC is a New York limited liability company, doing business throughout the State of California.

## FACTS COMMON TO ALL COUNTS

10.    Defendants are cosmetics manufacturers whose products include New Voluminous False Fiber Lashes and Volum'Express The Falsies ("Cosmetic Products"). Defendants sell the Cosmetic Products at retail stores and outlets throughout the United States such as shopping malls, drug stores, pharmacies, convenience stores, and supermarkets, and over the Internet.

11.    Defendants market, advertise, and promote the Cosmetic Products through various media outlets, including on television and the Internet.

12.    On their product packaging Defendants describe New Voluminous False Fiber Lashes as a mascara with a "lash sculpting formula" that "adheres to lashes for a volumized, sculpted lash effect."  Defendants guarantee that "[l]ashes appear fuller, longer, sculpted and curled at every angle."  The product itself shows a series of three images that depict what Defendants call the "false lashes effect":  the first image depicts the "bare lash tip," the second depicts the same image but with the eyelashes elongated with a reticulation of fibers, and the final image depicts a closed eyelid with long, curved, sensual eye lashes. The product package and advertisements[1] also describe the product as being "[c]lump-free, [f]lake-free, [and s]mudge-free[,]" and that the product "[r]emoves easily with soap and water."

---

[1] *See* http://www.lorealparisusa.com/en/Products/Makeup/Eyes/Mascara/Voluminous-False-Fiber-Lashes-

4

13.     Volum'Express The Falsies is also a mascara that Defendants guarantee on their product packaging and in advertisements[2] shall "provide the look of more lashes" and "instantly build volume for [a] dramatic false lash look" and "[d]ramatic false lash effect."

14.     Defendants' advertisements misrepresent the nature and quality of the mascara products by showing models with long, sculpted, sensual eyelashes, which upon information and belief are actually false eyelashes, though these advertisements lead the audience to believe that the length and volume of the eyelashes are attributable to the use of Defendants' products.

15.     Plaintiffs and on information and belief numerous putative class members who bought the Cosmetic Products had previously bought other and different cosmetics products also from Defendants based on similar promises, guarantees, or representations, to which, however, those other and different cosmetic products did conform.

16.     Plaintiffs and each member of the putative class relied on Defendants' promises, guarantees, and representations as described in the preceding paragraphs in purchasing the Cosmetic Products, which, however, did not live up to Defendants' promises, guarantees, and representations, as described hereinabove.  Rather, when Plaintiff and members of the putative class applied the Cosmetic Products, neither Voluminous False Fiber Lashes nor Volum'Express The Falsies cause their eyelashes to look fuller, longer, or more voluminous as though they were wearing false lashes, and in fact both mascara products caused their eyelashes to clump, flake, and break; moreover, water and soap did not easily remove the product from their eyelashes, as promised.

17.     Upon information and belief, numerous putative class members have complained in public forums, including Defendants' websites, that the Cosmetic Products do not live up to expectations for reasons similar or identical to those stated hereinabove;

---

Mascara.aspx?shade=Black&cid=lorus_rm_Google_Makeup+G+Eye+Makeup+Mascara+Fiber_Eye+Makeup+Mascara+Fiber&gclid=CIHZ7qWa1bUCFQjhQgodnRAAwg
[2] *See* http://www.maybelline.com/Products/Eye-Makeup/Mascara/Volum-Express-The-Falsies-Washable-Mascara.aspx

5

however, Defendants have not taken any steps to cure or remedy the defects in the Cosmetic Products.

## PLAINTIFFS' PURCHASE OF DEFENDANTS' COSMETIC PRODUCTS

18.     In or around the summer of 2012 Plaintiff LIAT ORSHANSKY saw the advertisements and read the product descriptions described in paragraphs 12 and 13 above on the Internet, including but not limited to Defendants' website, and in magazines and television advertisements.

19.     Moreover, Plaintiff ORSHANSKY saw photographic advertisements for Defendants' mascara products showing models with long, sculpted, sensual eyelashes, as described in paragraph 14 above, and based on these advertisements she believed that the length and volume of the models' eyelashes were attributable to the use of Defendants' products; however, upon information and belief, one or more of the photographic advertisements that Plaintiff saw before purchasing Defendants' mascara products, and from which she formed the foregoing understanding regarding the quality and characteristics of these products, show models wearing what are actually false lashes.

20.     In or around the summer of 2012 Plaintiff ORSHANSKY was shopping at Target in Van Nuys, California, where she saw the Cosmetic Products on sale.

21.     Plaintiff read product labels and packaging of the Cosmetic Products, as described in paragraphs 12 and 13 above.

22.     Based on these product labels and packaging, the advertisements identified in paragraphs 12 through 14 above, and Plaintiff ORSHANSKY'S previous experiences using Defendants' products that conformed to representations, Plaintiff ORSHANSKY decided to purchase and did purchase the Cosmetic Products and each of them, i.e., New Voluminous False Fiber Lashes and Volum'Express The Falsies.

23.     Plaintiff ORSHANSKY subsequently used the Cosmetic Products and each of them, but they did not conform to the representations identified in paragraphs 12 through 14 above.  Rather, when Plaintiff applied the Cosmetic Products, neither Voluminous False Fiber Lashes nor Volum'Express The Falsies cause Plaintiff's eyelashes to look fuller,

longer, or more voluminous as though she were wearing false lashes, and in fact both mascara products caused her eyelashes to clump, flake, and break; moreover, water and soap did not easily remove the product from her eyelashes, as promised.

24.     On or around December 13, 2012, Plaintiff ORSHANSKY sent a letter to Defendants informing them that they have engaged in unfair methods of competition and/or deceptive acts or practices and/or have breached implied or express warranties in violation of various statutes, including but not limited to Civil Code section 1770, in connection with the sale of the Cosmetic Products and requested that they correct, repair, replace, or otherwise rectify the Cosmetic Products within 30 days of receipt of the letter or Plaintiffs would seek actual, punitive, and statutory damages as appropriate on behalf of themselves and similarly situated consumers.

## CLASS ALLEGATIONS

25.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Procedure 23(b)(2) and 23(b)(3).  Plaintiffs bring this action on their own behalf and as a class action on behalf of all persons who purchased any or all of the Cosmetic Products in the United States within the longest time period permissible pursuant to any and all statutes of limitation.  Plaintiffs also bring this action on behalf of a subclass of all persons who purchased any or all of the Cosmetic Products in the State of California within the longest time period permissible pursuant to any and all statutes of limitation.  Plaintiffs reserve the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

26.     The classes exclude counsel representing the classes; governmental entities; Defendants and any entity in which Defendants have a controlling interest; Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns; any judicial officer presiding over this matter and the members of their immediate families and judicial staff; and any individual whose interests are antagonistic to other putative class members.

27.     <u>Numerosity</u>:  The proposed classes are so numerous and spread out to such a

1    degree across the United States that individual joinder of all its members is impracticable.

2    Upon information and belief the classes comprise many thousands of members.  While the

3    exact number and identities of the putative class members are unknown at this time, such

4    information can be ascertained through appropriate investigation and discovery.  The

5    disposition of the claims of the class members in a single class action will provide

6    substantial benefits to all parties and to the Court.

7          28.    Typicality:  Plaintiffs' claims are typical of the claims of all putative class

8    members in that Plaintiffs and putative class members suffered similar damages resulting

9    from a single, continuing course of conduct by Defendants.

10         29.    Adequacy of Representation:  Plaintiffs will fairly and adequately represent

11   and protect the interests of the class.  Plaintiffs have retained counsel with substantial

12   experience in prosecuting complex lawsuits and class actions.  Plaintiffs and their counsel

13   are committed to vigorously prosecuting this action on behalf of the class and have the

14   financial resources to do so.  Neither Plaintiffs nor their counsel have any interests adverse

15   to the class.

16         30.    Superiority of Class Action and Impracticability of Individual Actions:

17   Plaintiffs and the members of the putative class have suffered, and will continue to suffer,

18   harm as a result of Defendants' unlawful, fraudulent and unfair conduct.  A class action is

19   superior to other available methods for the fair and efficient adjudication of the

20   controversy.  Individual joinder of all members of the putative class is impractical.  Even if

21   individual members of the putative class had the resources to pursue individual litigation, it

22   would be unduly burdensome to the courts to be faced with potentially hundreds of

23   thousands individual cases.  Individual litigation magnifies the delay and expense to all

24   parties in the court system of resolving the controversies engendered by Defendants'

25   common course of conduct.  The class action device allows a single court to provide the

26   benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all

27   claims of putative class members in a single forum.  The conduct of this action as a class

28   action conserves the resources of the parties and of the judicial system, and protects the

8

rights of the putative class members.

31. <u>Common Questions of Law and Fact Predominate</u>: Questions of law and fact common to the claims of Plaintiffs and putative class members predominate over any questions of law or fact affecting only individual members of the putative class. Common questions of law and fact include but are not limited to the following:

  a. Whether Defendants breached express warranties made to Plaintiffs and the putative class about the Cosmetic Products;

  b. Whether Defendants breached the implied warranty of merchantability with regard to Plaintiffs and putative class members;

  c. Whether Defendants' conduct was a "fraudulent practice" within the meaning of the UCL in that it was likely to mislead consumers;

  d. Whether Defendants' conduct was an "unfair practice" within the meaning of the UCL in that it offended established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers;

  e. Whether Defendants' conduct was an "unlawful" practice within the meaning of the UCL;

  f. Whether Defendants' conduct was likely to deceive a consumer acting reasonably in the same circumstances;

  g. Whether Defendants advertise or market the Cosmetic Products in a way that is false or misleading;

  h. Whether Defendants violated California Business and Professions Code § 17500 et seq.;

  i. Whether Defendants violated California Civil Code § 1750 et seq.;

  j. Whether Plaintiffs and members of the putative class are entitled to restitution, injunctive, declaratory and/or other equitable relief;

  k. Whether Defendants violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.; and

  l. Whether Plaintiffs and the members of the class sustained monetary loss.

9

32.   <u>Notice</u>: Notice can be provided via publication, including but not limited to Internet publication, and corrective advertising such as notification where the Cosmetic Products are sold.

**FIRST CAUSE OF ACTION FOR**

**VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT,**

**CIVIL CODE § 1750 ET SEQ.**

**(Brought on Behalf of the California Subclass)**

33.   Plaintiffs incorporate here by reference the allegations in paragraphs 1 through 32 above.

34.   This cause of action is brought for violations of the Consumer Legal Remedies Act ("CLRA").  Plaintiffs bring their cause of action on their own behalf and on behalf of all similarly situated consumers within the meaning of Civil Code § 1781.

35.   As set forth herein, Defendants violated and continue to violate the CLRA by engaging in the following practices among others proscribed by California Civil Code § 1770(a) in transactions that were intended to result in and did result in the sale of the Cosmetic Products to consumers:

(a)   representing that the Cosmetic Products have characteristics and benefits that they do not have;

(b)   representing that the Cosmetic Products are of a particular standard, quality, or grade, which they are not;

(c)   advertising the Cosmetic Products with an intent not to sell them as advertised; and

(d)   representing that the Cosmetic Products have been supplied in accordance with previous representations that they have not.

36.   Defendants knew or should have known that their representations and advertisements regarding the Cosmetic Products were false and misleading.

37.   As a direct and proximate cause of Defendants' violation of the CLRA as alleged hereinabove, Plaintiffs and members of the putative class have suffered damages,

10

including but not limited to inducing them to purchase goods that did not conform to Defendants' representations and thereby incur a pecuniary loss.

38.    Pursuant to California Civil Code § 1780, Plaintiffs, on behalf of themselves and the putative class, seek damages, restitution, injunctive relief, punitive damages, attorneys' fees, and the costs of litigation.

39.    On or about December 13, 2012, Plaintiffs, on behalf of themselves and the putative class, sent by certified registered mail return receipt requested a notice and demand pursuant to California Civil Code § 1782 notifying Defendants that they are in violation of the CLRA and must correct, repair, replace, or otherwise rectify the Cosmetic Products. Defendants were further advised that in the event the relief requested has not been provided within 30 days, Plaintiffs would seek monetary damages pursuant to the CLRA.  If Defendants fail to rectify or agree to rectify the problems associated with the actions detailed above or give notice to all affected consumers within 30 days of the date of the written notice pursuant to California Civil Code § 1782, Plaintiffs will seek actual, punitive, and statutory damages as appropriate.

## SECOND CAUSE OF ACTION FOR
## BREACH OF EXPRESS WARRANTY
### (Brought on Behalf of the Nationwide Class)

40.    Plaintiffs incorporate here by reference the allegations in paragraphs 1 through 39 above.

41.    By and through the conduct alleged in this Complaint, Defendants made the express warranties to Plaintiffs and each member of the Class as described hereinabove about the Cosmetic Products, and these express warranties became part of the basis for the bargain whereby Plaintiffs and members of the putative class purchased the products.

42.    Defendants breached these express warranties because the Cosmetic Products did not conform to Defendants' promises, guarantees, and representations, as described hereinabove.

43.     As a direct and proximate cause of the Defendants' breach, Plaintiffs and members of the Class suffered damages in an amount to be proven at trial because that they would not have purchased the Cosmetic Products if the true facts about those products had been known.

44.     Plaintiffs, on behalf of themselves and the putative class, seek damages, restitution, injunctive relief, punitive damages, attorneys' fees and costs of litigation.

**THIRD CAUSE OF ACTION FOR**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

**(Brought on Behalf of the Nationwide Class)**

45.     Plaintiffs incorporate here by reference the allegations in paragraphs 1 through 44 above.

46.     Plaintiffs and members of the putative class purchased consumer goods, namely, the Cosmetic Products.

47.     At the time that Plaintiffs and each member of the putative class purchased the Cosmetic Products, Defendants were in the business of manufacturing the Cosmetic Products.

48.     The Cosmetic Products were not adequately contained, packaged, or labeled and/or did not measure up to the promises or facts stated on the container or label and/or were not fit for the ordinary purposes for which such goods are used or were supposed to be used owing to Defendants' misrepresentations regarding the Cosmetic Products, as alleged hereinabove.

49.     As a direct and proximate result of Defendants' actions, Plaintiffs and the members of the putative class have suffered damages in an amount to be proven at trial because that they would not have purchased the Cosmetic Products if the true facts about those products had been known.

50.     Plaintiffs, on behalf of themselves and the putative class, seek damages, restitution, injunctive relief, punitive damages, attorneys' fees and costs of litigation.

# FOURTH CAUSE OF ACTION FOR
## UNFAIR BUSINESS PRACTICES UNDER
### CAL. BUS. & PROF. CODE § 17200 ET SEQ.
**(Brought on Behalf of the California Subclass)**

51.     Plaintiffs incorporate here by reference the allegations in paragraphs 1 through 50 above.

52.     The wrongful acts of Defendants alleged herein were fraudulent, unfair, and unlawful business acts and practices in violation of UCL.

53.     Defendants' conduct described above constitutes a fraudulent business practice within the meaning of the UCL because it is likely to deceive a reasonable consumer.  Plaintiffs and each member of the putative class were fraudulently induced to buy the Cosmetic Products based on Defendants' representations, as alleged hereinabove.

54.     Defendants' conduct described above also constitutes an unfair business practice within the meaning of the UCL.  The potential harm that consumers will be deceived into buying products that do not meet Defendants' representations is substantially injurious to consumers, violates public policy, and is immoral, unethical, oppressive, and unscrupulous, because the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

55.     Defendants' acts and practices described above were also unlawful in that they constitute violations of California False Advertising Law, Cal. Bus & Professions Code § 17500; the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.; the Song-Beverly Act, Cal. Civ. Code §§ 1790 et seq.; and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.

56.     Plaintiffs and each member of the putative class suffered an injury in fact and lost money or property as a result of the Defendants' wrongful business practices because they were induced to purchase products that they would not have otherwise purchased if they had known the truth about the products.

57.     Plaintiffs and each member of the putative class are therefore entitled to

13

restitution of all amounts wrongfully obtained by Defendants.  Plaintiffs and each putative

class member are also entitled to disgorgement of all profits wrongfully obtained by

Defendants, in an amount to be proven at trial.

58.    Plaintiffs and each member of the putative class are entitled to injunctive relief

to prevent Defendants from engaging in the fraudulent, unfair, and unlawful practices

described above.

**FIFTH CAUSE OF ACTION FOR**

**FOR FALSE ADVERSTISING UNDER CALIFORNIA**

**CAL. BUS. & PROF. CODE § 17500 ET SEQ.**

**(Brought on Behalf of the California Subclass)**

59.    Plaintiffs incorporate here by reference the allegations in paragraphs 1 through

58 above.

60.    Defendants committed acts of false advertising, as defined by Bus. & Prof.

Code 17500 et seq. by using false and misleading statements to promote the sale of the

Cosmetic Products, as described hereinabove.

61.    Defendants knew or should have known through the exercise of reasonable

care that the statements were untrue and misleading.

62.    Defendants' actions in violation of Cal. Bus. & Prof. Code § 17500 were false

and misleading such that the general public was likely to be deceived.

63.    As a direct and proximate result of these acts, Plaintiffs have suffered injury in

fact and has lost money or property.  Consequently, Plaintiffs bring this cause of action on

behalf of themselves and the putative class and on behalf of the common or general interest

and seeks restitution, disgorgement, injunctive relief, and all other relief allowable under

§17500 et seq.

SECOND AMENDED CLASS ACTION COMPLAINT
Case No.: 3:12-CV-06342-CRB

## SIXTH CAUSE OF ACTION FOR

## VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. § 2301 ET SEQ.

### (Brought on Behalf of the Nationwide Class)

64.     Plaintiffs incorporate here by reference the allegations in paragraphs 1 through 63 above.

65.     Defendants' written affirmations of fact, promises, and/or descriptions as alleged herein are written warranties as to the nature, quality, and character of the Cosmetic Products, and/or there exists an implied warranty for the sale of such products within the meaning of the Magnuson-Moss Warranty Act ("MMWA").

66.     As detailed above, Defendants breached these express and/or implied warranties in that the Cosmetic Products do not conform to the representations made by Defendants and/or were not fit for their intended use.

67.     Resorting to any informal dispute settlement procedure and/or affording Defendants another opportunity to cure these breaches of warranties is unnecessary and/or futile.  Any remedies available through any informal dispute settlement procedure would be inadequate under the circumstances because Defendants have failed to remedy the misleading labeling of multiple Cosmetic Products despite knowledge that they are misleading owing to numerous complaints made by consumers and despite Plaintiffs' having given notice of defects on or around December 13, 2012, as allege hereinabove.

68.     As a result of Defendants' breach of warranty, Plaintiffs and members of the putative class have sustained damages and other losses in an amount to be determined at trial and are therefore entitled to damages, equitable relief, attorneys' fees, costs of litigation, and/or other relief as is deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a.       For an order certifying that this action may be maintained as a class action;

b.      For damages in an amount to be proven at trial;

c.      For punitive damages in an amount to be proven at trial;

d.      For restitution of all amounts wrongfully obtained by Defendants through their fraudulent, unfair, and unlawful business practices;

e.      For an award of suitable equitable, injunctive and declaratory relief, including but not limited to ordering Defendants to engage in a corrective advertising campaign;

f.      For prejudgment and post-judgment interest;

g.      For reasonable attorneys' fees and costs; and

h.      For such other and further relief as is just and appropriate.


Dated:  October 1, 2013                     **ONE LLP**


By:     */s/ Peter R. Afrasiabi*
        Peter R. Afrasiabi
        Attorneys for Plaintiff
        LIAT ORSHANSKY and the Putative
        Class



                                **THE TERRELL LAW GROUP**


By:     */s/ Reginald V. Terrell*
        Reginald V. Terrell
        Attorneys for Plaintiff
        AYANNA NOBLES and the Putative
        Class

SECOND AMENDED CLASS ACTION COMPLAINT
Case No.: 3:12-CV-06342-CRB

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

Dated:  October 1, 2013

ONE LLP

By:   /s/ Peter R. Afrasiabi
     Peter R. Afrasiabi
     Attorneys for Plaintiff
     LIAT ORSHANSKY and the
     Putative Class

THE TERRELL LAW GROUP

By:   /s/ Reginald V. Terrell
     Reginald V. Terrell
     Attorneys for Plaintiff
     AYANNA NOBLES and the
     Putative Class

SECOND AMENDED CLASS ACTION COMPLAINT
Case No.: 3:12-CV-06342-CRB